451 P.2d 999

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Jerry COCA, Defendant-Appellant.**

**No. 258.**

Court of Appeals of New Mexico.

Feb. 21, 1969.

John P. Dwyer, John C. Wheeler, Albuquerque, for appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Justin Reid, Asst. Attys. Gen., Santa Fe, for appellee.

## OPINION

HENDLEY, Judge.

This is an appeal from a conviction of second degree murder. The five points of error relied on by appellant all related to the use by the State of allegedly improper cross-examination in questioning appellant as to his prior convictions when he took the stand in his own defense.

On cross-examination the district attorney questioned appellant regarding thirty-three separate alleged convictions ranging from drunkenness to aggravated assault. At least fifteen of the alleged convictions related directly or indirectly to drunkenness. Appellant attempted to explain away certain convictions, denied some and could not remember others. At no time did the district attorney tender proof of any conviction.

Section 20–2–3, N.M.S.A. 1953 states:

"*A witness may be questioned as to whether he has been convicted of any felony or misdemeanor, and upon being so questioned, if he either denies the fact or refuses to answer, the opposite party may prove such conviction;* and a certificate, the substance and effect only, omitting the formal part, of the indictment and conviction for such offense, purporting to be signed by the clerk of the court or other officer having the custody of the records of the court at which the offender was convicted, or by the deputy of such clerk or officer under the seal of said court, shall, upon proof of the identity of the witness, of such convict, be sufficient evidence of his conviction." (Emphasis added)

■■■ The State may establish by the accused the fact of a prior conviction and the name of the particular felony or misdemeanor involved. State v. Griego, 61 N.M. 42, 294 P.2d 282 (1956); State v. Conwell, 36 N.M. 253, 13 P.2d 554 (1932); State v. Clark (Ct.App.) 80 N.M. 91, 451 P.2d 995 (1969). However, we have repeatedly held that on cross-examination the State may go no·further than to show the conviction of the witness and the name of the particular felony or misdemeanor of which he had been convicted. State v. Ocanas, 61 N.M. 484, 303 P.2d 390 (1956).

■■■ The only purpose of such cross-examination is to test the witness's credibility. We have long realized its tendency to prejudice the defendant. Because of this tendency it is the trial court's responsibility to determine when cross-examination should be limited because the legitimate probative value on the credibility of the accused is outweighed by its illegitimate tendency, effect or purpose to prejudice him. State v. Holden, 45 N.M. 147, 113 P.2d 171 (1941). The primary responsibility is on the trial court to make this determination. State v. Williams, 76 N.M. 578, 417 P.2d 62 (1966). The trial court must exercise its discretion and having done so, that discretion in making this determination will not be disturbed on appeal, unless the appellate court can say the trial judge's action was erroneous, arbitrary and unwarranted. State v. Williams, supra; State v. Holden, supra.

■■ Here, the trial court was alerted to the possible prejudice by pre-trial motion, objections during trial, and post trial motions. Once the possibility of prejudice was called to the trial court's attention, it had the affirmative duty of exercising its discretion. The record does not disclose such an exercise, that is, probative value versus illegitimate tendency to prejudice. Whenever rulings were made, such rulings were inadequate to demonstrate an exercise of discretion. The trial court erred in failing to exercise its discretion.

We reverse solely on the ground that the trial court failed to exercise its discretion.

Having reached our decision we do not decide other questions presented by this appeal. These are: (1) The almost unrestrained cross-examination by the prosecutor regarding the form of the questioning about prior convictions, reference to original charge as opposed to conviction charge, the name of the victim, how the crime was committed and arrests as opposed to convictions; (2) The limiting instruction in light of the cross-examination; (3) The good faith of the prosecutor in view of his using thirty-three alleged prior convictions on cross-examination and his proposed method of proof, which was not in the manner required by § 20–2–3 supra; see State v. Williams, supra; (4) The constitutionality of such questioning as suggested by appellant. See Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed. 2d 606 (1967).

In view of the foregoing we direct the trial court to set aside the conviction of defendant and to grant a new trial.

It is so ordered.

OMAN and WOOD, JJ., concur.