456 P.2d 213

**STATE of New Mexico, Plaintiff-Appellee,**
**v.**
**Richard Glen WALLER, Defendant-Appellant.**
**No. 269.**

Court of Appeals of New Mexico.
May 16, 1969.
Rehearing Denied June 17, 1969.

James A. Maloney, Atty. Gen., David R. Sierra, James V. Noble, Asst. Attys. Gen., Santa Fe, for plaintiff-appellee.

Fred A. Watson, Watson & Watson, Artesia, for defendant-appellant.

OPINION

HENDLEY, Judge.

Defendant appeals from a conviction of involuntary manslaughter.

Defendant was participating in a "drag" race on a county road north of Artesia. When the race was considered over defendant-driver started to "let off" the accelerator, the car then went into a side-skid, left the road, struck a concrete ditch liner and went out into a field. Passen--

ger-owner was thrown from the car and killed. Both defendant and owner had driven in other "drag" races just prior to the accident.

The prosecutor, during cross-examination of defendant, questioned as to how many tickets defendant had received, whether or not he pled guilty and how many times he had been convicted of speeding. Defendant did not object to the form of the questions. He did object to questioning concerning misdemeanor convictions. Our statute, quoted below, answers this objection. In addition, defendant made general objections which raised the question of prejudice to defendant by the cross-examination concerning prior convictions. See State v. Coca, 80 N.M. 95, 451 P.2d 999 (Ct.App. 1969). The trial court ruled that the cross-examination, for impeachment purposes, could extend to "[a]ny unlawful act." This was error. Cross-examination concerning prior convictions does not extend to any unlawful act.

Section 20–2–3, N.M.S.A. 1953, states in part:

"A witness may be questioned as to whether he has been convicted of any felony or misdemeanor, and upon being so questioned, if he either denies the fact or refuses to answer, the opposite party may prove such conviction; * * *."

The statute permits questions concerning prior convictions. The purpose of such questioning is to impeach the credibility of the witness. The fact that competent evidence on the issue of a defendant's credibility may tend to prejudice him does not alone exclude it. State v. Holden, 45 N.M. 147, 113 P.2d 171 (1941). Impeachment evidence by its very nature, will, to some extent, be prejudicial and because of this tendency to prejudice the trial court has the affirmative duty to determine when cross-examination concerning prior convictions should be limited because the legitimate probative value as to credibility is outweighed by its illegitimate tendency to prejudice. State v. Williams, 76 N.M. 578, 417 P.2d 62 (1966); State v. Holden, supra; State v. Coca, supra. In permitting questioning concerning "[a]ny unlawful act," the trial court failed to properly perform its affirmative duty of weighing the legitimate probative value of the cross-examination against the illegitimate tendency to prejudice.

We reverse solely on the ground that the trial court did not properly balance the probative value of the cross-examination against its illegitimate tendency to prejudice.

Since a new trial is granted in this cause we answer defendant's next contention that the trial court erred in refusal of defendant's requested Instruction Number 6. We disagree with defendant's contention.

Defendant's requested instruction was to the effect that decedent's alleged contributory negligence could be considered by the jury in determining the proximate cause of the accident. The trial court gave an instruction which covered this issue. Defendant does not challenge the correctness of the instruction given by the court. See State v. Fields, 74 N.M. 559, 395 P.2d 908 (1964); State v. Romero, 69 N.M. 187, 365 P.2d 58 (1961).

Defendant contends that his instruction should have been given because it stated his theory of the case and the jury should have been instructed as to his theory. We agree that defendant was entitled to an instruction of his theory of the case if the evidence had a tendency to sustain such a theory. State v. Jones, 52 N.M. 235, 195 P.2d 1020 (1948). The refusal of defendant's instruction was correct for two reasons. It was not a proper theory of the case instruction and it unduly emphasized the facts favorable to defendant. State v. White, 77 N.M. 488, 424 P.2d 402 (1967).

We direct the trial court to set aside the conviction of defendant and grant a new trial.

It is so ordered.

OMAN and WOOD, JJ., concur.