491 P.2d 1161

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Timothy P. DURHAM, Defendant-Appellant.**

**No. 689.**

Court of Appeals of New Mexico.

Dec. 3, 1971.

John V. Coan, Jack L. Love, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Jay F. Rosenthal, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Convicted of murder in the second degree defendant appeals. He asserts seven points for reversal. The second point involving an instruction on involuntary manslaughter is dispositive of the appeal.

We reverse.

Defendant was charged with shooting the decedent. The shooting occurred while decedent, defendant and a witness were riding around in an automobile. There was evidence that defendant was intoxicated at the time of the incident. The trial court instructed the jury on intoxication as a defense to murder in the first degree. The trial court also instructed the jury on manslaughter. That instruction states:

"Manslaughter is the unlawful killing of a human being without malice.

"A. Voluntary manslaughter consists of manslaughter committed upon a sudden quarrel or in the heat of passion.

"B. Involuntary manslaughter consists of manslaughter committed in the commission of an unlawful act not amounting to a felony; or in the commission of a lawful act which might produce death, in an unlawful manner or without due caution and circumspection.

"The term 'without due caution and circumspection' as used in these instructions means such a departure from what would be the conduct of an ordinarily prudent or careful man under the same circumstances as to be incompatible with a proper regard for human life or, in other words, a disregard for human life or an indifference to consequences. The facts must be such that the fatal consequences of the careless or negligent act could reasonably have been foreseen, and it must appear that the death was not the result of misadventure but the natural and probable result of a reckless or culpably negligent act."

As a part of its instructions the court also defined certain terms among which is the term "feloniously":

"FELONIOUSLY is a technical term, and means wrongfully and against the admonition of the law, and that the accused, if convicted, may be punished by imprisonment in the penitentiary."

The trial court refused defendant's tendered instruction on the negligent use of a weapon (§ 40A–7–3, N.M.S.A.1953 (Repl. Vol. 6, 1964) ) which among other things sets forth that the " . . . carrying a firearm while under the influence of an

intoxicant . . . " is an offense not amounting to a felony. Defendant asserts that the refusal to give this instruction relating to involuntary manslaughter left the jury without " . . . a definition of, or specification of, an unlawful act not amounting to a felony", and thus " . . . there was no guide by which the jury could determine whether this was a killing while in the commission of a misdemeanor." It is defendant's contention that the instruction was therefore incomplete and inadequate.

We agree.

 Defendant was entitled to an instruction on his theory of the case if the evidence reasonably tended to sustain such a theory. State v. Jones, 52 N.M. 235, 195 P.2d 1020 (1948); State v. Waller, 80 N.M. 380, 456 P.2d 213 (Ct.App.1969). One of defendant's theories was involuntary manslaughter. Its application to this case would require the jury to be instructed that the carrying of a firearm while intoxicated is an unlawful act not amounting to a felony. The jury was not so instructed. Defendant's requested instruction on negligent use of a firearm would have supplied that definition. Without the definition the manslaughter instruction as given was incomplete. The only definition given was that of an unlawful act amounting to a felony.

The record is replete with testimony that defendant was drunk while he, deceased and the witness were riding around in the automobile and while defendant was holding and handling the sawed off shotgun. Section 40A–7–3, supra, defines negligent use of a weapon while under the influence of an intoxicant as a petty misdemeanor. Had the jury been instructed that the unlawful act was a misdemeanor it would have had completed guidelines for the definition of involuntary manslaughter. Omission of the requested instruction necessarily presupposes that defendant's negligent use of the firearm while intoxicated was a felony. See State v. Welch, 37 N.M. 549, 25 P.2d 211 (1933). There being substantial evidence supporting defendant's

theory it was error to refuse his requested instruction. State v. Waller, supra.

Reversed.

It is so ordered.

SUTIN and COWAN, JJ., concur.