639 P.2d 582

STATE of New Mexico,
Plaintiff-Appellee,

v.

Charles William KEENER,
Defendant-Appellant.

No. 5157.

Court of Appeals of New Mexico.

Nov. 24, 1981.

Certiorari Denied Jan. 20, 1982.

Donald D. Montoya, Montoya, Murphy & Kauffman, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Clare E. Mancini, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

Charles Keener appeals his convictions of possession of marijuana with intent to distribute and aggravated assault upon a police officer. We (1) answer all but two issues summarily; discuss (2) untimely filing of the information; and (3) use of a guilty verdict to impeach.

*Issues Answered Summarily*

(a) Members of the Keener family, jointly tried on the marijuana charge, were: son, Robert; mother, Ruby; and father, Charles. Each was convicted. The convictions of Robert and Ruby were affirmed by Memorandum Opinion in (Ct.App.) Nos. 5144/5156, filed October 20, 1981. Several contentions of Charles were answered in affirming the convictions of Robert and Ruby. These contentions need not be reviewed in this opinion. The trial court did not err in admitting the testimony of witnesses Banks and Thompson, the testimony of these two witnesses was not too remote, and the evidence of constructive possession was sufficient for submission to the jury. Charles contends the testimony of Banks and Thompson should have been excluded under Evidence Rule 403 because it was not sufficiently probative to overcome its prejudicial impact. The trial court did not abuse its discretion in refusing to exclude this testimony under Evidence Rule 403. *State v. Day*, 91 N.M. 570, 577 P.2d 878 (Ct.App. 1978); see *State v. Bell*, 90 N.M. 134, 560 P.2d 925 (1977).

(b) Charles claims the evidence was insufficient to sustain his marijuana conviction, either as a principal or an aider and

abettor. Thompson's testimony was sufficient evidence to sustain the conviction under either theory. Charles contends that Thompson's testimony is internally inconsistent so as to be unworthy of belief, citing *State v. Bramlett*, 94 N.M. 263, 609 P.2d 345 (Ct.App.1980). Thompson's testimony is not internally inconsistent; *Bramlett*, supra, is not applicable to Thompson's testimony.

■ (c) The trial court instructed the jury that Charles could be found guilty of possession with intent to transfer; this instruction was pursuant to U.J.I.Crim. 36.03. The trial court also instructed that Charles could be found guilty as an aider and abettor; this instruction was pursuant to U.J.I. Crim. 28.30.

These U.J.I.Crim. instructions were also given in connection with Robert and Ruby. Defendant claims the combined effect of the six instructions was intolerably confusing because, theoretically, it was possible to find Charles guilty of aiding and abetting either if there were no principal or if Charles aided and abetted himself. This contention suffers from semantic aphasia.

The trial court gave two instructions concerning Charles. One permitted conviction as a principal; the other as an aider and abettor to a crime that had been committed. These were approved instructions taken from U.J.I.Crim. Charles' only objection to these instructions in the trial court was that there was insufficient evidence to justify an aiding and abetting instruction. Charles' appellate hypotheticals were not raised in the trial court. In an effort to avoid the effect of N.M.Crim.App. 308, Charles claims fundamental error by hypothesizing a combined effect from six instructions, only two of which involved Charles. See *State v. Gillihan*, 85 N.M. 514, 514 P.2d 33 (1973), for a definition of fundamental error. There was no fundamental error in the instructions that pertained to Charles.

*Untimely Filing of the Information*

■ A preliminary examination on the complaint was held on October 21, 1980 and, on that date, Charles was bound over to the district court for trial. However, the information was not filed in the district court until December 8, 1980. Rule of Crim.Proc. 5(c) provides that "[a]n information shall be filed within thirty days after completion of a preliminary examination ... unless such time is extended by the court upon motion of the district attorney." There was no extension; the information was not timely filed. Any relief available to defendant for this rule violation was waived because this violation is raised for the first time on appeal. See R.Crim.Proc. 33.

■ Charles does not seek relief for a rule violation. His claim is that because the information was not timely filed, the information "was not filed on the strength of the preliminary examination." On the basis that there was no preliminary examination in connection with the information, and no waiver of a preliminary examination, Charles contends he could not be prosecuted under the information. Charles relies on N.M.Const., art. II, § 14, N.M.S.A.1978 (1981 Cum.Supp.), which states: "No person shall be so held on information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination."

Charles' argument simply ignores the facts. He had a preliminary examination. The procedural defect was the delay in filing the information. Absent a showing of prejudice from this delay, the prosecution of Charles, under the information, was proper. Rule of Crim.Proc. 7(a) and (d); *State v. Warner*, 86 N.M. 219, 521 P.2d 1168 (Ct.App.1974).

*Use of Guilty Verdict to Impeach*

The jury verdicts of guilty, on the marijuana charges, were returned against the Keeners on March 12, 1981. Charles was tried on the assault charge March 18, 1981. Judgment and sentence on the marijuana convictions, for each of the Keeners, was entered April 20, 1981.

Charles and Ruby testified for the defense in the assault trial. The prosecutor, over Charles' objection, was permitted to impeach both of them, by bringing out they had been convicted of a crime punishable by imprisonment within the past ten years.

Neither Charles nor Ruby was asked the name of the crime; no questions from the prosecutor elicited the fact that the crime involved marijuana. Charles volunteered that his "conviction" occurred "last week."

■ Charles contends, on appeal, that these questions violated Evidence Rule 403. This will not be considered because it was not raised in the trial court. N.M.Crim. App. 308.

■ The credibility of a witness may be impeached, under Evidence Rule 609, by "evidence that he has been convicted of a crime ...." In the trial court, Charles contended that the impeachment should not be permitted because the convictions of Charles and Ruby, of the marijuana offenses, were not "final" and would not be final until "this Court enters a judgment and sentence." We answer this contention.

New Mexico decisions, considering this issue in other contexts, are not helpful. See *State v. Morris*, 69 N.M. 89, 364 P.2d 348 (1961); *Padilla v. State*, 90 N.M. 664, 568 P.2d 190 (1977). Prior to the adoption of the Rules of Evidence, impeachment on the basis of a prior "conviction" meant a judgment entered on the verdict or plea of guilty. *State v. McCabe*, 41 N.M. 428, 70 P.2d 758 (1937); *State v. Roybal*, 33 N.M. 540, 273 P. 919 (1928). The question, however, is the meaning of "convicted" in Evidence Rule 609. See *Padilla v. State*, supra. New Mexico has not decided this issue.

*United States v. Vanderbosch*, 610 F.2d 95 (2nd Cir. 1979), considered the meaning of "convicted" under the similar federal Evidence Rule 609:

> [W]e hold that a jury verdict of guilty prior to entry of judgment is admissible for impeachment purposes if it meets the other requirements of Fed.R.Evid. 609. In so deciding we follow several other circuits which have held that there is no distinction between a jury's finding of guilty and the entry of judgment for impeachment purposes. *United States v. Duncan*, 598 F.2d 839, 864–65 (4th Cir. 1979); *United States v. Klein*, 560 F.2d 1236, 1239–41 (5th Cir. 1977), cert. denied,

434 U.S. 1073, 98 S.Ct. 1259, 55 L.Ed.2d 777 (1978); *United States v. Rose*, 526 F.2d 745, 746–47 (8th Cir. 1975), cert. denied, 425 U.S. 905, 96 S.Ct. 1497, 47 L.Ed.2d 755 (1976); *United States v. Canaday*, 466 F.2d 1191, 1192 (9th Cir. 1972). As in the case of pending appeals, the defendant should be allowed to reveal to the jury the fact that judgment has not been entered as well as the pendency of motions for acquittal and for a new trial before the sentencing court.

*United States v. Smith*, 623 F.2d 627 (9th Cir. 1980), states:

> The general rule is that it is the judgment, not the verdict, that is the "conviction." *United States v. Klein*, 5 Cir.. [sic] 1977, 560 F.2d 1236, 1240. However, we and other circuits have held that, when a conviction of felony is used to impeach (F.R.Ev. 609), a verdict of conviction is just as relevant as a judgment of conviction. Such a verdict may be so used before judgment upon it is entered. *United States v. Canaday*, 9 Cir., 1972, 466 F.2d 1191, 1192; *United States v. Duncan*, 4 Cir., 1979, 598 F.2d 839, 864–865; *United States v. Klein, supra*, 560 F.2d at 1239–1241; *United States v. Rose*, 8 Cir., 1975, 526 F.2d 745, 747. If a judgment has been entered on the verdict and an appeal has been taken, the conviction can still be used to impeach, even though the judgment is not final. F.R.Ev. 609(e); *United States v. Allen*, 9 Cir., 1972, 457 F.2d 1361, 1363. There is no similar provision in the Federal Rules of Evidence regarding the pendency of a motion under F.R.Crim.P. 29 or other similar motions, but we think that the result should be the same, *United States v. Klein, supra*, 560 F.2d at 1240, and we so hold. When a conviction is the subject of such a pending motion, that fact, like the pendency of an appeal, can be shown to the jury.●

"Convicted," in Evidence Rule 609, includes a jury verdict of guilty; that verdict may be used to impeach a witness under that evidence rule.

The judgment and sentences are affirmed.

IT IS SO ORDERED.

WALTERS, C. J., and DONNELLY, J., concur.