825 P.2d 1252

**STATE of New Mexico,**
**Plaintiff–Appellee,**

v.

**Robert Lino TREJO, Defendant–**
**Appellant.**

**No. 12657.**

Court of Appeals of New Mexico.

Dec. 12, 1991.

Certiorari Denied Jan. 22, 1992.

Tom Udall, Atty. Gen., Elizabeth Major, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Sammy J. Quintana, Chief Public Defender, Hugh W. Dangler, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

BIVINS, Judge.

Defendant was indicted in June 1989 for crimes arising out of two separate incidents involving separate victims. Both incidents involved the same charges of attempted criminal sexual penetration and false imprisonment. The first incident was alleged to have occurred on April 24, 1989, the second, on May 26, 1989. The trial court tried the two incidents separately and the counts arising from the May 1989 incident were tried first, resulting in Defendant's conviction. The case before us involves the second trial of counts arising from the April 1989 incident, which also resulted in Defendant's conviction. The trial court entered one judgment for convictions in the two trials. Defendant now appeals. We affirm Defendant's convictions from the first trial involving the May 1989 incident because Defendant raises no issues regarding these convictions. Defendant's appeal of the judgment and sentence from the second trial claims that the trial court erred in allowing the State to impeach Defendant with the verdicts rendered by the trial court based on the May 1989 incident. The trial court allowed the State to use the verdicts from the first trial for impeachment as a prior conviction under Rule 609 of the New Mexico Rules of Evidence, SCRA 1986, 11–609(A)(1). We address only this issue as Defendant has failed to brief any other issues listed in the docketing statement. *See State v. Fish*, 102 N.M. 775, 777, 701 P.2d 374, 376 (Ct. App.) (issues raised in docketing statement but not briefed are deemed abandoned), *cert. denied*, 102 N.M. 734, 700 P.2d 197 (1985). We also affirm the convictions from the second trial.

## A. STATEMENT OF FACTS

In the trial at issue here, Defendant was charged with one count of attempted criminal sexual penetration in the second degree and one count of false imprisonment. The central evidence in the trial was provided by the victim and Defendant. Defendant and the victim went out on a date two days after they first met. There is evidence that both individuals were drinking during their date. Defendant drove the two of them up a dirt road near Hyde Park, where they left his truck to go for a walk. Both the victim and Defendant testified that they kissed for a while. At this point their stories diverge. While the victim claimed that Defendant got on top of her, saying, "We're going to do it right here," Defendant raised a defense of consent to the sexual activity. When Defendant dropped the victim off at her home, she ran.

## B. ADMISSIBILITY OF PRIOR CONVICTIONS UNDER RULE 609

### 1. "Prior" Convictions

Defendant initially contends that the "prior" convictions were inadmissible

because the underlying acts took place after the acts for which he was on trial. He has failed, however, to cite any authority directly supporting his argument. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (issues raised on appeal not supported by authority will not be reviewed). Further, the language of Rule 11–609 contains no such limitation. The only time limitation is ten years since the date of the prior conviction. *See* Rule 11–609(B). Admission under Rule 11–609(A)(1) of prior felony convictions not involving deceit is premised on the notion that the jury is entitled to know " 'what sort of person is asking them to take his word.' " *State v. Lucero*, 98 N.M. 311, 313, 648 P.2d 350, 352 (Ct.App.), *cert. denied*, 98 N.M. 336, 648 P.2d 794 (1982) (quoting *State v. Duke*, 100 N.H. 292, 123 A.2d 745, 746 (1956)). This purpose is not served by limiting the admissibility of convictions to those based on acts occurring prior to the acts for which the Defendant is on trial. The issue is not the witness's character for truthfulness at the time of the prior offense but such character at the time of trial. We conclude that the trial court did not err in admitting the convictions on this basis. *See also State v. Keener*, 97 N.M. 295, 297–98, 639 P.2d 582, 584–85 (Ct.App.1981) (convictions admitted under Rule 11–609 for crimes committed at same time as those being tried), *cert. denied*, 98 N.M. 50, 644 P.2d 1039 (1982).

2. Failure to Engage in Required Balancing

Defendant next argues that the trial court erred in admitting the convictions because it failed to engage in the balancing test required by Rule 11–609(A)(1) and SCRA 1986, 11–403. *See State v. Day*, 91 N.M. 570, 576, 577 P.2d 878, 884 (Ct.App.) (admissibility of prior convictions under Rule 11–609(A)(1) also requires balancing under Rule 11–403), *cert. denied*, 91 N.M. 491, 576 P.2d 297 (1978). Rule 11–609(A) of the New Mexico Rules of Evidence prior to January 1, 1991, stated:

A. General rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime

(1) was punishable by death or imprisonment in excess of one (1) year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or

(2) involved dishonesty or false statement, regardless of the punishment.

Defendant relies on two decisions of this court predating our adoption of the Federal Rules of Evidence. In *State v. Waller*, 80 N.M. 380, 456 P.2d 213 (Ct.App.1969), and *State v. Coca*, 80 N.M. 95, 451 P.2d 999 (Ct.App.1969), we held that a trial court must "properly perform its affirmative duty of weighing the legitimate probative value of the cross-examination against the illegitimate tendency to prejudice." *Waller*, 80 N.M. at 381, 456 P.2d at 214. We reversed in *Coca* and *Waller* because the records revealed that the trial courts had failed to exercise their discretion. *Coca*, 80 N.M. at 97, 451 P.2d at 1001; *Waller*, 80 N.M. at 381, 456 P.2d at 214.

Defendant contends that the record in this case similarly demonstrates that the trial court did not exercise its discretion. After hearing argument of counsel, the trial court simply stated that Rule 11–609 permitted the impeachment evidence offered by the State. We do not agree that the record demonstrates a failure by the trial court to exercise its discretion by engaging in the balancing test required. A distinction should be made between failure to exercise discretion and failure to articulate the exercise on the record. As we read *Waller* and *Coca*, the trial courts in those cases completely failed to exercise their discretion. In the case before us, we believe the trial court did exercise its discretion; it just did not put it on the record.

The reason we believe the court exercised its discretion is that the ruling came following defense counsel's argument setting out the concerns, i.e., the prior convictions arose from an incident that occurred later; the prejudice outweighed the probative value; and there had been no final adjudication of the prior convictions. The trial court rejected the latter argument, citing case law, and announced that Rule 11–609 does permit the kind of impeachment in question. This suggests to us that the trial court did balance the probative value and relevance against the prejudicial effect in deciding to admit the evidence. To the extent the two cases relied on by Defendant can be read to require articulation on the record of the exercise of discretion, we believe later cases discussed below dilute that requirement.

■ Notwithstanding *Waller* and *Coca,* this court has held it unnecessary for a trial court to always announce it has reached its decision pursuant to an exercise of its discretion. *State v. Victorian,* 84 N.M. 491, 496–97, 505 P.2d 436, 441–42 (1973). More recently, in *State v. Ferguson,* 111 N.M. 191, 803 P.2d 676 (Ct.App.), *cert. denied,* 111 N.M. 144, 802 P.2d 1290 (1990), we discussed the meaning of the exercise of judicial discretion. We noted that the better practice for a judge relying upon discretionary authority is to place on the record the circumstances and factors critical to the decision. *Id.* at 193, 803 P.2d at 678 (quoting Maurice Rosenberg, *Judicial Discretion of the Trial Court, Viewed from Above,* 22 Syracuse L.Rev. 635, 665–666 (1971)). At the same time, we held that it is not reversible error in every case when a trial court fails to state its reasons on the record. *Id.* In some cases, there will be no need for the trial court to articulate its reasons because the reasons supporting the ruling will be so strong and so apparent from the evidence or argument. *Id.* In other cases, where it is evident that there existed reasons for and against the ruling, we may indulge in the usual appellate pre-

sumptions to affirm the trial court. *Id.* We believe the record in this case presents an example of the latter proposition.

Having determined the trial court did exercise its discretion, we must decide if it abused that discretion. To do so we consider factors that bear on the question of whether the trial court abused its discretion in admitting the evidence.

3. Factors for Consideration by the Court

■ The supreme court's adoption of Rule 11–609 is essentially a determination that such evidence bears on the issue of credibility. *See Lucero,* 98 N.M. at 313, 648 P.2d at 352. Some of the factors relevant to a trial court's decision whether to admit prior convictions not involving dishonesty for impeachment purposes are:

(1) the nature of the crime in relation to its impeachment value as well as its inflammatory impact; (2) the date of the prior conviction and witness's subsequent history; (3) similarities, and the effect thereof, between the past crime and the crime charged; (4) a correlation of standards expressed in Rule 609(a) with the policies reflected in Rule 404, N.M.R.Evid., N.M.S.A.1978; (5) the importance of the defendant's testimony, and (6) the centrality of the credibility issue.

*Id.* at 313–14, 648 P.2d at 352–53 (citing *United States v. Mahone,* 537 F.2d 922 (7th Cir.1976); *United States v. Luck,* 348 F.2d 763 (D.C.Cir.1965); 3 *Weinstein's Evidence,* ¶ 609[04] (1981) [hereinafter Weinstein]). While these factors may be useful in aiding a court to fairly determine whether to admit certain prior convictions, they are not to be considered mechanically or in isolation. The court should make every effort to strike a reasonable balance between the interests of the public and those of the defendant in disposing of the charges in accordance with the truth, keeping in mind the high degree of prejudice often associated with introduction of a pri-

or conviction at trial. *See generally* Weinstein, *supra,* ¶ 609[02]–[04].

### (a) *Nature of the Crime*

■ Rule 11–609 limits the purpose for admissibility of prior convictions to that of attacking the credibility of the witness. In general, therefore, conviction for crimes of violence has less bearing on an individual's honesty than conviction for crimes of fraud or deceit. At the same time, however, even if the alleged crime did not involve dishonesty, there is proven dishonesty when the defendant goes to trial, denies the offense, and then is convicted. *See Gordon v. United States,* 383 F.2d 936, 940 n. 8 (D.C.Cir.1967), *cert. denied,* 390 U.S. 1029, 88 S.Ct. 1421, 20 L.Ed.2d 287 (1968).

### (b) *Date of the Conviction*

The remoteness or nearness of the acts giving rise to the prior conviction is an important factor to be considered by the court. An act occurring several years before the trial and followed by years of lawful conduct is less probative because of its remoteness. The prior conviction in the instant action, however, was obtained only three months before trial.

### (c) *Similarity of the Crimes*

■ Defendant argues that his prior convictions were inadmissible because they were identical to the charges for which he was being tried. To be sure, convictions for the same crime should be admitted sparingly. *See Gordon,* 383 F.2d at 940. Nevertheless, we have held that evidence of a prior offense is not prohibited for impeachment purposes solely on the basis of its similarity with the presently charged crime. *State v. Hall,* 107 N.M. 17, 22, 751 P.2d 701, 706 (Ct.App.1987) (evidence of defendant's prior conviction for assault with a deadly weapon upon a peace officer properly admitted in defendant's trial for murdering a peace officer with a firearm), *cert. denied,* 107 N.M. 16, 751 P.2d 700 (1988).

### (d) *Correlationship with Rule 404*

This factor does not appear in the authorities relied on in *Lucero.* We give this factor little weight. We note, however, that our review of the evidence in the prior trial (which we do not deem it necessary to discuss) suggests that evidence of the other offense may well have been admissible in this trial under Rule 404(B). Therefore, to the extent that this factor is considered, it weighs in favor of admission.

### (e) *Importance of Defendant's Testimony*

Defendant asserts that the convictions should have been excluded because of the importance of his testimony. We agree that because of the nature of the charges and lack of evidence, Defendant may have felt impelled to testify. Defendant, however, took no action to limit possible prejudice, such as requesting that the jury not be informed of the names of the crimes. *Cf. State v. Gardner,* 103 N.M. 320, 323, 706 P.2d 862, 865 (Ct.App.) (prejudice normally subject to cure by cautionary instruction to jury), *cert. denied,* 103 N.M. 287, 705 P.2d 1138 (1985).

### (f) *Centrality of Credibility Issue*

Finally, the parties agree that the credibility issue was critical to the case. The accounts of the victim and Defendant were similar up to a point. However, Defendant denied getting on top of the victim or restraining her against her will. On cross-examination, Defendant stated that the victim lied. The trial essentially boiled down to a swearing match between Defendant and the victim. Under such circumstances, it became more, not less, compelling to explore "all avenues which would shed light on which of the two witnesses was to be believed." *Gordon,* 383 F.2d at 941; *see also Hall,* 107 N.M. at 23, 751 P.2d at 707 (where defendant's version of events conflict with state witness, defendant's credibility as a witness is placed in issue and subject to impeachment). This court has previously stated:

When an accused takes the witness stand he is in the same position as any other witness. He is not entitled to have his testimony falsely cloaked with reliability by having his credibility protected against the truth-searching process of cross-examination.

\* \* \* \* \* \*

If the jury is to be fair and impartial, and if it is to accomplish its purpose of arriving at the truth, then it is entitled to consider all legitimate evidence bearing upon the issues and upon the credibility of all witnesses testifying on these issues.

*State v. Lindsey*, 81 N.M. 173, 181, 464 P.2d 903, 911 (Ct.App.1969) (citation omitted), *cert. denied*, 81 N.M. 140, 464 P.2d 559, *cert. denied*, 398 U.S. 904, 90 S.Ct. 1692, 26 L.Ed.2d 62 (1970), *cited with approval in State v. Cawley*, 110 N.M. 705, 711, 799 P.2d 574, 580 (1990).

While the trial court could have properly exercised its discretion in favor of excluding the prior conviction under the facts of this case, we decline to substitute our judgment for that of the trial court. We do not find that the trial court's ruling is "clearly against the logic and effect of the facts and circumstances before the court." *Lucero*, 98 N.M. at 314, 648 P.2d at 353.

## C. CONCLUSION

We review the trial court's ruling for abuse of discretion. *See, e.g., id.* at 314, 648 P.2d at 353; *see also State v. Williams*, 76 N.M. 578, 582, 417 P.2d 62, 65 (1966) (appellate court will not disturb trial court's exercise of discretion in controlling extent of cross-examination of accused unless obviously erroneous, unwarranted, or arbitrary).

For these reasons, we are unable to say the trial court abused its discretion in admitting Defendant's prior convictions for impeachment purposes. While the trial court did not articulate the basis for its ruling, or perform an on-the-record bal-

ancing of probative versus prejudicial value, there were sound reasons for admitting the convictions. *See Ferguson*, 111 N.M. at 193, 803 P.2d at 678. Accordingly, we affirm Defendant's convictions.

IT IS SO ORDERED.

HARTZ and PICKARD, JJ., concur.

HARTZ, Judge (concurring.)

I concur in Judge Bivins' opinion. I write separately only to indicate why my concurrence does not constitute a retreat from the views expressed in my dissent in *State v. Ferguson*, 111 N.M. 191, 196, 803 P.2d 676, 681 (Ct.App.), *cert. denied*, 111 N.M. 144, 802 P.2d 1290 (1990). It is proper in this case to presume that the district court exercised its discretion in admitting the evidence under SCRA 1986, 11–609 because (1) defense counsel correctly argued to the district court that it needed to consider whether the improper prejudice outweighed the probative value of the impeachment, (2) the district court stated that it was admitting the evidence pursuant to Rule 11–609, which explicitly requires a balancing of the prejudice against the probative value, and (3) the district court's decision was well within the bounds of proper discretion.