This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37017**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ABRAHAM A. LUCERO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Meryl E. Francolini, Assistant Attorney General
Albuquerque, NM

for Appellee

Stalter Law LLC
Kenneth H. Stalter
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** Defendant Abraham Lucero appeals his convictions for aggravated battery against a household member resulting in great bodily harm, contrary to NMSA 1978, Section 30-3-16(C) (2008, amended 2018), and aggravated battery against a household member without great bodily harm, contrary to Section 30-3-16(B). Defendant argues (1) the district court erred by excluding other acts evidence pertaining to Victim, which Defendant proffered pursuant to Rule 11-404(B) NMRA; (2) the district court

erroneously prevented Defendant from cross-examining Victim regarding the nature of her prior felony conviction; and (3) Defendant's trial counsel was ineffective. We affirm.

## BACKGROUND

**{2}** The charges in this case arise from two altercations between Defendant and Victim, Defendant's girlfriend at the time, over the course of three weeks. As for the first incident, Defendant maintained at trial that he acted in self-defense. Regarding the second incident, Defendant maintained at trial that Victim injured herself in retaliation for Defendant ending their relationship.

**{3}** Prior to trial, Defendant filed a witness list that included Richard Padilla and Dwayne Sida. Defendant claimed both men to be Victim's ex-boyfriends who had been involved with Victim well over a decade before trial. The State moved to exclude both witnesses. Defendant claimed Victim told him that she had battered Padilla and that, during her breakup with Sida, she had "lied to the authorities that . . . Sida was her assailant, when in fact the circumstances were exactly the opposite." Defendant argued for admission of evidence of these past acts under Rule 11-404(B)(2), asserting they were relevant to Victim's "intent . . . and her motive to set [Defendant] up for the fall[.]" Defendant subsequently clarified that, rather than Victim's intent, he was "more closely focused on her motive in this case." The district court granted the State's motion to exclude these witnesses on the ground that evidence of Victim's prior acts was "propensity evidence, not truly intent or motive evidence."

**{4}** The jury convicted Defendant of the two counts of aggravated battery on a household member and acquitted him of a property damage charge. Defendant now appeals.

## DISCUSSION

### I. Evidence of Victim's Prior Acts

**{5}** Defendant first argues that the district court erred by excluding the testimony of Padilla and Sida—or, alternatively, Defendant's own testimony to the same effect[1]—as impermissible propensity evidence under Rule 11-404(B). Rule 11-404(B)(1) prohibits the introduction of evidence of prior acts "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Such prior acts evidence, however, "may be admissible [if used] for another purpose, such as proving motive [or] intent[.]" Rule 11-404(B)(2). We review a district court's decision to admit or exclude evidence under Rule 11-404(B) for abuse of discretion. *See State v. Bailey*, 2017-NMSC-001, ¶ 12, 386 P.3d 1007. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case[,]

---

1The State contends that Padilla and Sida were not available to testify at trial and that evidence of Victim's prior acts could only have been admitted through Defendant's own hearsay testimony. The record, however, does not definitively resolve the issue of the availability of Padilla and Sida, and we therefore assume for purposes of our analysis that they were available.

. . . clearly untenable or not justified by reason." *Id.* (internal quotation marks and citation omitted).

**{6}** In this case, Defendant sought admission of evidence that Victim had battered Padilla and that Victim had injured herself and blamed it on Sida in retaliation for breaking up with her. Trial counsel argued that Victim "treated [Padilla and Sida] in ways which were remarkably similar to the ways that she treated [Defendant] in this case." Evidence of Victim's prior acts, according to Defendant, would have been relevant to show Victim's "motive to set him up for the fall." We hold the district court did not abuse its discretion in excluding such evidence.

**{7}** We first observe that Defendant on appeal does not address any of our case law pertaining to "motive" or "intent" in the Rule 11-404(B) context. This is understandable since it would be nonsensical to say that Victim's acts during her previous relationships resulted in her being motivated to act in a certain way against Defendant. *Cf., e.g., State v. Hnulik*, 2018-NMCA-026, ¶ 29, 458 P.3d 475 (holding that evidence of a defendant's prior domestic violence was admissible at a murder trial involving the same victim because it was used "to establish that [the d]efendant had a motive to kill [the v]ictim to prevent her from testifying against him"); *State v. Nieto*, 2000-NMSC-031, ¶ 25, 129 N.M. 688, 12 P.3d 442 (holding that evidence of the defendant's gang affiliation was "admissible to show [the d]efendant's alleged motive (to rise up in the ranks of the gang by performing a hit on its behalf) and intent to murder the victims"). Instead, it is apparent that the only probative value of Victim's acts toward Padilla and Sida would have been to show that Victim acted in conformity with her character during her altercations with Defendant. This is the essence of propensity evidence that Rule 11-404(B)(1) prohibits. *See State v. Gallegos*, 2007-NMSC-007, ¶ 28, 141 N.M. 185, 152 P.3d 828 ("[T]he only logical relevance the extrinsic evidence would have would be to show that [the defendant] acted in conformity with his inclination to use his authority to engage in inappropriate sexual behavior with young girls. This is pure propensity evidence and is exactly the type of evidence Rule 11-404(B) excludes." (citation omitted)); *see also Bailey*, 2017-NMSC-001, ¶ 19 ("[E]vidence of a person's propensity to commit a particular kind of intentional . . . conduct is not admissible merely to show that [she] intended to commit the . . . conduct, even though it would satisfy Rule [11-]404's definition of logical relevance.").

**{8}** In arguing that the district court erred in excluding evidence of Victim's prior acts as relevant to her purported "intent" or "motive," Defendant instead relies only on *State v. Swavola*, 1992-NMCA-089, 114 N.M. 472, 840 P.2d 1238—a case in which the defendant had been convicted of murdering her husband after "claim[ing] self-defense and rais[ing] a battered-woman-syndrome defense." *Id.* ¶ 1. The defendant in *Swavola* argued on appeal that her trial counsel rendered ineffective assistance of counsel by, among other things, failing to object to testimony that during a previous marriage she "had alleged that her husband was abusive and then pounded her own chest in an airport bathroom." *Id.* ¶ 16. This Court stated that because the evidence was remote in time, the district court "probably [would have] sustain[ed] an objection to its admission." *Id.* Because of the defendant's battered-woman-syndrome defense, however, this Court

thought the defendant had "opened up [her] entire relevant life experience." *Id.* Accordingly, *Swavola* held that, "[i]n this context, a competent defense counsel could properly decide that an objection to the testimony might well fail and therefore decide to remain silent." *Id.* This was, according to *Swavola*, because "the testimony was evidence of a modus operandi, a rather peculiar course of conduct, that is probative of a similar course of conduct at a later time." *Id.*

**{9}**   Contrary to Defendant's contention, *Swavola* does not stand for the proposition that the district court in this case abused its discretion in excluding evidence of the specific trait of "injuring oneself in order to support a claim of beating by one's spouse[.]" *Id.* Rather, *Swavola* appears limited to the unique facts of that case, in which the defendant's particular defense of battered-woman-syndrome had opened the door to remote evidence tending to rebut that defense. *See id.* Moreover, and more importantly, this Court in *Swavola* did not determine whether the district court properly exercised its discretion in admitting evidence of the defendant's past conduct. *Swavola* instead only reviewed the issue of whether trial counsel's failure to object to the testimony resulted in ineffective assistance of counsel. *See id.* ¶ 17. Consequently, the most that can be gleaned from *Swavola* is that trial counsel did not render ineffective assistance of counsel under the unique circumstances of that case. *See id.* ("[I]n sum, trial counsel's failure to object to the testimony about which [the d]efendant now complains does not establish ineffective assistance of counsel."). It does *not* stand for the proposition that the district court properly admitted the evidence in the first instance. *See id.* ¶ 16 ("[C]ompetent counsel do not necessarily make every objection that has substantial merit."); *see also, e.g.*, *State v. Lucero*, 2017-NMSC-008, ¶ 31, 389 P.3d 1039 (discussing that "cases are not authority for propositions not considered" (internal quotation marks and citation omitted)). We thus reject Defendant's reliance on *Swavola*.

**{10}**   Defendant also relies on *State v. Maples*, 2013-NMCA-052, 300 P.3d 749, and *State v. Armendariz*, 2006-NMSC-036, 140 N.M. 182, 141 P.3d 526, *overruled on other grounds by State v. Swick*, 2012-NMSC-018, ¶ 19, 279 P.3d 747, to argue that evidence of Victim's prior acts was relevant to his claim of self-defense and to corroborate his version of the events. Defendant, however, did not argue to the district court that the evidence in question was admissible on these bases, and he accordingly has failed to preserve these arguments for review. *See State v. Montoya*, 2015-NMSC-010, ¶ 45, 345 P.3d 1056 ("In order to preserve an issue for appeal, a defendant must . . . specifically apprise[] the trial court of the nature of the claimed error and invoke[] an intelligent ruling thereon." (internal quotation marks and citation omitted)); *see also* Rule 12-321(A) NMRA (setting out grounds for preservation). Further, because Defendant did not request a review for plain error, we decline to address these arguments. *See State v. Salazar*, 2006-NMCA-066, ¶ 9, 139 N.M. 603, 136 P.3d 1013 (declining to review arguments made on appeal that were not presented to the district court and stating that "parties cannot change their arguments on appeal"); *State v. Gutierrez*, 2003-NMCA-077, ¶ 9, 133 N.M. 797, 70 P.3d 787 (stating that courts normally do not review for fundamental or plain error when not requested by the appellant).

**{11}** Defendant having made no other preserved argument as to why the district court abused its discretion in excluding evidence of Victim's prior acts, we hold that no such abuse of discretion occurred. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 ("There is a presumption of correctness in the district court's rulings" and "it is [the d]efendant's burden on appeal to demonstrate any claimed error below." (alteration, internal quotation marks, and citation omitted)).

## II.  The Nature of Victim's Prior Felony Conviction

**{12}** Defendant next contends that the district court erred by not allowing him to question Victim about the nature of a prior felony conviction for aggravated assault with a deadly weapon, after Victim admitted to the fact she had been convicted of a felony. We reject Defendant's argument.

**{13}** Rule 11-609 NMRA provides that, for the purpose of "attacking a witness's character for truthfulness[,]" evidence of a felony conviction "must be admitted, subject to Rule 11-403 NMRA, in a civil case or in a criminal case in which the witness is not a defendant[.]" Rule 11-609(A)(1)(a). In this case, the fact Victim had been convicted of a felony was admitted. The only issue before us then is whether the district court abused its discretion by prohibiting Defendant from eliciting from Victim the nature of her felony conviction. "[R]ulings on matters of doubtful relevance under Rule 11-402 [NMRA] and the counterbalances to relevant evidence under Rule 11-403 are left to the broad discretion of the district court." *State v. Guerra*, 2012-NMSC-014, ¶ 36, 278 P.3d 1031; *see id.* ("We review the district court's decision to admit or exclude evidence for an abuse of discretion.").

**{14}** We see no abuse of the district court's discretion in not submitting to the jury the specifics of Victim's felony conviction, i.e., that she had been convicted of aggravated assault with a deadly weapon. It is true, as Defendant points out, that the rule "contemplates admission into evidence of felony convictions, regardless of whether they concerned dishonesty or false statement." *State v. Lucero*, 1982-NMCA-102, ¶ 10, 98 N.M. 311, 648 P.2d 350. As this Court explained in *State v. Trejo*, 1991-NMCA-143, 113 N.M. 342, 825 P.2d 1252, however, "Rule 11-609 limits the purpose for the admissibility of prior convictions to that of attacking the credibility of the witness." *Id.* ¶ 10. "In general, therefore, [a] conviction for [a] crime[] of violence has less bearing on an individual's honesty than [a] conviction for [a] crime[] of fraud or deceit." *Id.*

**{15}** Defendant argues that the district court should have allowed the jury to hear the nature of Victim's felony conviction because "this case hinged on the contest of credibility between him and [Victim]." Defendant, however, has not persuaded us that the fact Victim had been convicted of aggravated assault with a deadly weapon would have added any probative value on the issue of credibility beyond what the jury already knew, i.e., that Victim previously had been convicted of a felony. *See Lucero*, 1982-NMCA-102, ¶ 10 ("[A]ny felony punishable by imprisonment in excess of one year bears on credibility."); *see also Trejo*, 1991-NMCA-143, ¶ 10 (noting that violent crimes have less bearing on a witness's propensity to tell the truth than convictions for crimes of

fraud or deceit). Beyond this, we agree with the State's observation that allowing the jury to consider the nature of Victim's felony conviction in this case would have allowed Defendant to bring into evidence otherwise inadmissible propensity evidence of Victim's character for violence. *See* Rule 11-403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . confusing the issues [or] misleading the jury[.]").

**{16}** We therefore hold that the district court did not abuse its discretion in excluding from evidence the nature of Victim's felony conviction. *See State v. Samora*, 2016-NMSC-031, ¶ 45, 387 P.3d 230 (determining that the district court properly exercised its discretion to prevent the defendant from mentioning the names of two of the victim's prior felonies); *cf. Trejo*, 1991-NMCA-143, ¶ 14 (noting that excluding the name of a prior conviction would have limited possible prejudice to the defendant).

### III.    Ineffective Assistance of Counsel

**{17}** Defendant lastly argues that he received ineffective assistance of counsel on the ground that his trial counsel failed to present evidence corroborating his testimony that, during the first altercation, Defendant called 911 and three officers arrived and escorted Defendant and his son to Defendant's brother's house. The State responds that the record does not support a prima facie showing of ineffective assistance of counsel. We agree with the State.

**{18}** We rarely resolve claims of ineffective assistance of counsel on appeal because the appellate record most often does not support such a claim. *See, e.g., State v. Astorga*, 2015-NMSC-007, ¶ 17, 343 P.3d 1245 ("On direct appeal, the record is frequently inadequate to either evaluate counsel's performance or to determine prejudice."). Only when a defendant establishes a prima facie showing of ineffective assistance of counsel will we remand to the district court for an evidentiary hearing. *State v. Cordova*, 2014-NMCA-081, ¶ 13, 331 P.3d 980. "A prima facie case is made out when (1) it appears from the record that counsel acted unreasonably; (2) the appellate court cannot think of a plausible, rational strategy or tactic to explain counsel's conduct; and (3) the actions of counsel are prejudicial." *State v. Herrera*, 2001-NMCA-073, ¶ 36, 131 N.M. 22, 33 P.3d 22 (internal quotation marks and citation omitted).

**{19}** In this case, it is not apparent trial counsel acted unreasonably because the record lacks support for Defendant's argument that "additional corroborating evidence" in the form of the responding officers' testimony and 911 records "was likely available." Defendant points to nothing in the record establishing the availability of the witnesses Defendant claims could have provided testimony favorable to his defense and, if they were available, that they would have provided such testimony. Likewise, Defendant points to nothing in the record establishing that the 911 records actually existed in the form Defendant claims.

**{20}** We therefore hold that Defendant has not established a prima facie showing of ineffective assistance of counsel. *See State v. Barela*, 2018-NMCA-067, ¶ 21, 429 P.3d

961 (rejecting ineffective assistance of counsel claim based on failure to call witnesses where there was no evidence of additional witnesses); *State v. Bello*, 2017-NMCA-049, ¶ 25, 399 P.3d 380 (holding no prima facie showing of ineffective assistance of counsel where the record did not support the defendant's claim that two uncalled witnesses would have provided exculpatory evidence). This decision, however, does not preclude Defendant's ability to pursue habeas corpus or other post-conviction relief in a collateral proceeding. *See State v. Arrendondo*, 2012-NMSC-013, ¶ 44, 278 P.3d 517.

**CONCLUSION**

**{21}** For the foregoing reasons, we affirm.

**{22} IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**BRIANA H. ZAMORA, Judge**

**ZACHARY A. IVES, Judge**