This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38690**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellant,

v.

**ANDRES TORRES-HERNANDEZ,**

      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Conrad F. Perea, District Judge**

Hector H. Balderas, Attorney General
Emily Tyson-Jorgenson, Assistant Attorney General
Santa Fe, NM

for Appellant

Liane E. Kerr
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** The State appeals from a district court order denying its motion for an award of additional restitution on de novo appeal. The State contends that the district court erroneously determined that the civil settlement agreement between Felicia Ortiz and Brandon Mendoza (collectively, Victims) with Defendant Andres Torres-Hernandez's insurance company prohibited the State from seeking restitution in the criminal case. We affirm.

## BACKGROUND

**{2}** A brief review of the events that led to the present appeal is warranted. On July 29, 2018, Defendant was arrested and charged with aggravated driving while intoxicated (DWI) and other related driving offenses after he crashed into Victims' vehicle. While the case was pending in the magistrate court, Victims entered into a civil property damage release agreement (Release Agreement) with Defendant's insurer, in which they released "any and all claims, actions, causes of action, demands, rights, damages, costs, [etc.]" against Defendant and received $13,551.75, paid to Crescent Bank and Trust, for the fair market value of their vehicle.

**{3}** Approximately five months later, Defendant entered into a plea and disposition agreement (Plea Agreement) with the State in his criminal case in which the parties agreed Defendant would receive a deferred sentence and pay $2,000 in restitution to Victims. The agreement also provided that the State "may" argue for additional restitution at a subsequent restitution hearing. The magistrate court accepted the Plea Agreement and entered judgment. Thereafter, as permitted under the terms of the Plea Agreement, the State filed a motion seeking additional restitution. In support of its motion, the State argued: (1) the insurance proceeds for the value of the vehicle did not satisfy the full amount Victims owed the bank for their loan on the vehicle and therefore additional restitution was required to make Victims whole; and (2) the Release Agreement did not apply to the State's ability to seek restitution under NMSA 1978, Section 31-17-1 (2005) because the State was not a party to the Release Agreement and therefore had the ability to seek restitution independent of any civil release. The State also argued it would be against public policy to bind the State to a release agreement that it was not a party to.

**{4}** The magistrate court held a hearing on the State's motion during which the State argued "[Victims were] entitled to an additional $4,331.3[3]," which represented the outstanding balance on the auto loan after receipt of the insurance payment of $13,551.75.[1] According to the State, Victims were entitled to the additional restitution amount because "it was reasonably foreseeable that [ ] victim[s] . . . would be upside down on [their] vehicle."

**{5}** As to the request for an additional $4,331.33 in restitution, Defendant questioned whether the outstanding balance on the loan was attributable to the vehicle involved in the case and argued that the court does not know if Victims rolled a loan over from the purchase of a previous vehicle onto the loan for the vehicle in this case. Upon conclusion of the hearing, the magistrate court granted the State's motion for restitution, but limited restitution to the $2,000 agreed to in the Plea Agreement, noting that the State did not introduce evidence that the loan did not contain a previous debt and that the "[c]ourt [was] not convinced that Section 31-17-1 allowed for . . . Defendant to pay

---

[1]Notwithstanding the fact that the district court conducted a de novo appeal, we discuss the magistrate court proceedings because the district court agreed with the magistrate court's disposition and reasoning. *See State v. Vanderdussen*, 2018-NMCA-041, ¶ 2, 420 P.3d 609 ("Because the district court was not sitting in a typical appellate capacity, the district court was not bound by the magistrate court's decisions and was required to make an independent determination of whether manifest necessity supported the magistrate court's declaration of a mistrial.").

for a vehicle that [Victims] owed money on but was not damaged in this case." The State appealed the restitution order to the district court.

**{6}** On appeal to the district court, the State filed a motion for restitution, which included photos of Victims' vehicle, the accident report, a market valuation report valuing Victims' vehicle at $13,551.75, a notice of deficiency balance in the amount of $4,331.33, and a copy of the Release Agreement. In its motion, the State argued that Victims' inability to pursue civil legal restitution did not preclude the State from seeking criminal restitution independent of the Release Agreement pursuant to Section 31-17-1 and that binding the State to the Release Agreement would go against public policy. Additionally, the State argued that Victims' deficiency obligation should be considered actual damages because it was a reasonably foreseeable consequence of Victims' vehicle loan.

**{7}** The district court held a hearing on the State's motion at which Victims testified. Mendoza testified to the loan amount, including the deficiency, to which Defendant stipulated. Ortiz testified that she paid off the deficiency in order to purchase a new vehicle.

**{8}** The district court issued an order, finding in part:

> [I]n its independent review of the State's [m]otion for [r]estitution in the [m]agistrate [c]ourt that it agrees with the [m]agistrate [c]ourt [j]udge's [o]rder in the case because the [Plea Agreement] filed on [February 20, 2019] stipulates the restitution amount of $2,000.00. The same [Plea Agreement] also allows for the State to argue for additional restitution within 30-days. [The c]ourt disagrees with the State's arguments for additional restitution.

The district court further found that "the parties in this matter executed a [Release Agreement] on the 4th day of September[] 2018, discharging [Defendant] from any and all claims arising from the occurrence of [July 29, 2018]."

**{9}** After entry of the district court's order, the State filed a motion to adopt its proposed findings of fact and conclusions of law. The district court denied the State's motion, finding that it was not required to provide findings of fact and conclusions of law in the restitution determination. Following its denial of the State's motion, the district court remanded the case to the magistrate court for enforcement of judgment and sentence. This appeal followed.

## DISCUSSION

**{10}** The issue before this Court is whether the district court erred when it denied the State's motion for additional restitution. Sentencing decisions, including orders of restitution, are reviewed for an abuse of discretion. *State v. George*, 2020-NMCA-039, ¶ 4, 472 P.3d 1235. "To establish an abuse of discretion, it must appear the district court

acted unfairly or arbitrarily, or committed manifest error." *State v. Green*, 2015-NMCA-007, ¶ 22, 341 P.3d 10 (alteration, internal quotation marks, and citation omitted). In addition, a district court abuses its discretion when it exercises its discretion based on a misunderstanding of the law. *State v. Vigil*, 2014-NMCA-096, ¶ 20, 336 P.3d 380. We review a district court's interpretation of statutes de novo. *George*, 2020-NMCA-039, ¶ 4.

**{11}** "It is the policy of this [s]tate that restitution be made by each violator of the Criminal Code to the victims of his criminal activities to the extent that the defendant is reasonably able to do so." Section 31-17-1(A). A "victim" is "any person who has suffered actual damages as a result of the defendant's criminal activities[,]" and "actual damages" are those "damages which a victim could recover against the defendant in a civil action arising out of the same facts or event[.]" Section 31-17-1(A)(1), (2). The purpose of the victim restitution statute is "to make whole the victim of the crime to the extent possible." *State v. Lack*, 1982-NMCA-111, ¶ 12, 98 N.M. 500, 650 P.2d 22.

**{12}** On appeal, the State asserts that the district court refused to make findings of fact and conclusions of law in its restitution order and thus must have concluded that the Release Agreement prohibited the State from seeking additional restitution under Section 31-17-1.[2] Defendant responds that that there was no error below and alternatively, since the district court considered the evidence and law before it, this Court should affirm under the "right for any reason" doctrine.

**{13}** First we reject the State's contention that the denial of its motion for additional restitution was based on the district court's conclusion that the Release Agreement bound the State. The district court's order does not include an implicit or explicit determination that the Release Agreement precluded additional restitution. Indeed, the record indicates that the district court considered the record and evidence before it— including the magistrate court's order, documentary evidence, Victims' testimony, and the Release Agreement—and simply determined that no additional restitution was warranted. *See Bishop v. Evangelical Good Samaritan Soc'y*, 2009-NMSC-036, ¶ 25, 146 N.M. 473, 212 P.3d 361 ("Unless clearly erroneous or deficient, findings of the district court will be construed so as to uphold a judgment rather than to reverse it." (internal quotation marks and citation omitted)); *Hopkins v. Wollaber*, 2019-NMCA-024, ¶ 11, 458 P.3d 583 (explaining that "if the meaning of a judgment is obscure, doubtful, or ambiguous, the judgment, pleadings, and entire record may always be resorted to for the purpose of aiding in the construction thereof" (alteration, internal quotation marks, and citation omitted)).

**{14}** Insofar as the State relies on the district court's acknowledgment of the existence of the Release Agreement to show that the district court determined that the agreement precluded restitution, we point out that the district court made this acknowledgement in a separate paragraph, after finding that it "disagrees with the State's arguments for

---

2To the extent the State argues that the absence of written findings of fact and conclusions of law render the record insufficient to address whether the district court concluded that the Release Agreement prohibited additional restitution, we disagree and, as provided below, are not hindered in our review.

additional restitution." Read in order, the district court's findings indicate that it first disagreed with the State's arguments regarding additional restitution, then considered the Release Agreement separately. We find this order of analysis significant because, as we explain below, the district court could take into account the insurance payment made pursuant to the Release Agreement when considering whether additional restitution was appropriate.

**{15}** Although concise, the district court's order upholding the grant of $2,000 in restitution expressly provides that the district court agreed with the magistrate court's decision based on the Plea Agreement, disagreed with the State's arguments for additional restitution, and acknowledged the Release Agreement. Taken together, these findings show that the court considered the facts and arguments before it—including the insurance payment, agreed upon restitution, and the deficiency still owed by Victims—and concluded that $2,000 was sufficient restitution.

**{16}** While the State points to "uncontroverted" evidence of Victims' deficiency loan balance as support for the necessity of additional restitution, it provides no authority that the full amount of the loan deficiency, under the circumstances of this case, should be considered "actual damages" under the restitution statute or requiring the district court to award the full amount of such a deficiency. Indeed, although Section 31-17-1(B) requires that the district court award restitution,[3] which it did, there is no language in Section 31-17-1 that prohibits the court from thereafter concluding that the $2,000 agreed to in the Plea Agreement—in addition to the insurance payment—was sufficient under the circumstances. Even though the district court might have been justified in awarding additional restitution under the facts of this case, "we decline to substitute our judgment for that of the [district] court." *State v. Trejo*, 1991-NMCA-143, ¶ 16, 113 N.M. 342, 825 P.2d 1252.

**{17}** Accordingly, in light of our determination that the district court did not conclude that the Release Agreement prohibited additional restitution, as well as our analysis of the facts and circumstances informing the district court's restitution consideration, we hold that the district court did not abuse its discretion in granting $2,000 in restitution.

**CONCLUSION**

**{18}** For the foregoing reasons, we affirm the district court's order denying the State's motion for additional restitution.

**{19} IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

---

3Section 31-17-1(B) provides that if, as occurred in this case, a sentence is deferred, "the court shall require as a condition of probation or parole that the defendant . . . promptly prepare a plan of restitution, including a specific amount of restitution to each victim and a schedule of restitution payments."

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**MEGAN P. DUFFY, Judge**