This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38304**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**JOHN SALAZAR,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SIERRA COUNTY**
**Mercedes C. Murphy, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** The State appeals from the district court's order granting Defendant's amended motion to dismiss for violation of Rule 5-201 NMRA due to the State's untimely filing of the criminal information. In this Court's notice of proposed disposition, we proposed to summarily reverse. Defendant filed a memorandum in opposition, which we have duly considered. Unpersuaded, we reverse.

**{2}** In our notice of proposed disposition we proposed to conclude that the district court erred in dismissing the case because there was "no showing by Defendant or

finding by the district court of prejudice against Defendant resulting from the State's delay in filing the criminal information[.]" [CN 3] Defendant does not dispute the facts as stated in this Court's notice of proposed disposition. [MIO 1] Defendant argues in his memorandum in opposition that this Court's notice of proposed disposition was incorrect in that it only considered prejudice in determining whether dismissal was appropriate. [MIO 1] Defendant cites *State v. Le Mier*, 2017-NMSC-017, ¶ 20, 394 P.3d 959, for the proposition that a district court must consider not just prejudice to the Defendant, but also the culpability of the State and lesser sanctions when determining whether to dismiss the case as a sanction. [MIO 2] Defendant contends that while *Le Mier* involves whether a court may exclude a witness as a discovery sanction, and this case involves the district court dismissing the case as a result of the State failing to file a criminal information within the rule's time limits, this Court has cited *Le Mier* in another unpublished case involving dismissal as a sanction. [MIO 1-2] While non-precedential opinions "may be cited for any persuasive value[,]" Rule 12-405(A) NMRA, the persuasive value of the unpublished opinion cited by Defendant is limited given that it involves the state's failure to timely arraign a defendant, which is not at issue in this case. [MIO 1-2]

{3}     Defendant reasons that because the district court was dealing with the State's repeated non-compliance with the rule, it was proper for the district court to "maintain the integrity and schedule of the court even though the defendant may not be prejudiced[,]" *Le Mier*, 2017-NMSC-017, ¶ 20, because "there was great culpability on the part of the [S]tate, which did not request a lesser sanction." [MIO 3, 4] As previously stated in this Court's notice of proposed disposition, whether a district court should sanction a party by dismissing a case as a result of the prosecution's failure to timely file a criminal information is addressed in *State v. Keener*, 1981-NMCA-139, ¶ 9, 97 N.M. 295, 639 P.2d 582 (holding that absent a showing of prejudice from the procedural defect of the state's delay in filing a criminal information, prosecution of the defendant is proper). [CN 2] Notably, the district court did not make any findings of fact or conclusions of law in its order dismissing the case. [RP 81]

{4}     Regardless of whether *Le Mier* or *Keener* applies to this case, reversal is nonetheless appropriate, as the district court did not support its dismissal with any findings of fact or conclusions of law. *Le Mier* requires the district court to "evaluate the considerations identified in [*State v.*]*Harper*[, 2011-NMSC-044, 150 N.M. 745, 266 P.3d 25]—culpability, prejudice, and lesser sanctions—when deciding whether to exclude a witness and must explain their decision to exclude or not to exclude a witness within the framework articulated in *Harper*[.]" *Le Mier*, 2017-NMSC-017, ¶ 20. While the Supreme Court noted in *Le Mier* that "it is not the case that witness exclusion is justified only if all of the *Harper* considerations weigh in favor of exclusion[,]" *id.*, this does not negate the requirement that the district court explain its decision within the *Harper* framework. Accordingly, if this Court is to apply *Le Mier* as Defendant requests, it stands to reason that the requirement that the district court explain its decision would apply as well.

{5}     Although the hearing log notes indicate that there were a series of cases where the State failed to timely file the criminal information [RP 79], there is no indication in the

record that the district court judge considered each of the three prongs in *Le Mier*, even if the court did not make an affirmative finding on each one. *See id.* Accordingly, since there was no showing of prejudice as a result of the State's delay in filing the criminal information as required by *Keener*, and the district court did not explain its decision within the *Harper* framework of culpability, prejudice, and lesser sanctions, reversal is appropriate. [RP 81]Thus, we conclude the district court abused its discretion in dismissing the case. *See State v. Perez*, 2016-NMCA-033, ¶ 11, 367 P.3d 909 ("An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case.").

{6}     For the reasons stated in our notice of proposed disposition and herein, we reverse the district court's order dismissing the case and remand for further proceedings.

{7}     **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**KRISTINA BOGARDUS, Judge**