The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

**Opinion Number:**

**Filing Date:** March 6, 2023

**NO. S-1-SC-39129**

**STATE OF NEW MEXICO,**

Plaintiff-Respondent,

v.

**ALBERT FERNANDEZ,**

Defendant-Petitioner.

**ORIGINAL PROCEEDING ON CERTIORARI**
**Michael H. Stone, District Judge**

Bennett J. Baur, Chief Public Defender
Charles D. Agoos, Assistant Appellate Defender
Santa Fe, NM

for Petitioner

Hector H. Balderas, Attorney General
John Kloss, Assistant Attorney General
Santa Fe, NM

for Respondent

**OPINION**

**VARGAS, Justice.**

## I.  INTRODUCTION

{1}   Defendant Albert Fernandez appeals his conviction for battery upon a peace officer contrary to NMSA 1978, Section 30-22-24 (1971). We granted Defendant's petition for writ of certiorari to determine whether (1) the district court incorrectly admitted Defendant's prior conviction for battery upon a peace officer, (2) cumulative error deprived Defendant of a fair trial, and (3) the Court of Appeals improperly decided Defendant's appeal without considering his reconstructed testimony. We hold that the district court abused its discretion in admitting Defendant's prior conviction for battery upon a peace officer. We therefore reverse the Court of Appeals and remand for a new trial. In light of our reversal, we conclude that it is unnecessary to address the merits of Defendant's claim of cumulative error. Finally, we conclude that Defendant's request to supplement the record with his reconstructed testimony was resolved by the Court of Appeals and is therefore moot.

## II.  BACKGROUND

### A.  Factual Background

{2}   Officer Jorge Soriano stopped Defendant after observing him driving erratically. Officer Soriano was then joined at the scene by Officer Seth Ford. The

lapel camera footage of the arrest shows that the officers approached Defendant's car and asked that he submit to a field sobriety test to which Defendant initially agreed. After getting out of his car, Defendant failed to follow the instructions of Officer Ford, the officer administering the field sobriety test, became argumentative, used profanities, and slurred his speech. He was then handcuffed and arrested for driving under the influence of alcohol.

{3}    As Officer Ford walked Defendant over to the police car, a muffled sound is heard coming from the lapel camera's microphone. Officer Ford then told Defendant, "Stop, you're gonna get more charges, sir," and Defendant responded with an expletive. Before getting into the police car, more muffled sounds are heard, Defendant's arm is seen moving, and Officer Ford then said, "Alright you just got yourself another charge." Defendant asked, "For?" and Officer Ford responded, "Battery on a peace officer, you just hit me with your head." Defendant then yelled, "Are you fucking serious?" to which Officer Ford responded, "Are you done?" Defendant continued to yell profanities. During this interaction, Defendant's head is not visible in relevant portions of the lapel footage.

{4}    Following this exchange, several officers struggled to place Defendant in the police car. This portion of the lapel camera footage is dark and blurry. Officer Ford asked another officer, "Do you want me to twist him?" and then, between muffled

2

sounds, Officer Ford told Defendant, "Stop kicking me." Defendant yelled back, "I didn't kick you, fucking bitch." During this struggle, Defendant's legs and feet are not visible in the lapel camera footage. Once Defendant was in the police car, Officer Ford pulled out his taser and sparked it, and then told Defendant that he would be tased if he did not sit up. Defendant sat up, the officers shut the police car door, and Defendant was transported to the local jail. Defendant was charged with one count of battery upon a peace officer, among other charges not relevant to Defendant's appeal.

**B.      Procedural Background**

**1.      Proceedings in the District Court**

{5}      The day of the trial, before opening statements, defense counsel orally moved to suppress any evidence that Defendant was on probation at the time of his arrest, along with evidence of the underlying crime for which Defendant was on probation.[1] At the time of the arrest, Defendant was on probation for a conviction for battery upon a peace officer. Criminal Information, *State v. Fernandez*, D-506-CR-2016-00628 (5th Jud. Dist. Ct. Aug. 16, 2016); *see also* Order of Probation, *id.* (Sept. 19, 2017). Though no mention was made of the nature of the crime for which Defendant

---

[1]Defendant did not invoke a rule of evidence in his motion to suppress.

was serving probation, the district court judge granted Defendant's motion to suppress any evidence that Defendant was on probation at the time of the arrest and evidence of the underlying crime because the State did not give Defendant proper notice of its plan to use this evidence and the evidence's "prejudice . . . greatly outweighs any probative value."

{6}    At trial, Officers Soriano and Ford testified, and the State introduced the lapel camera footage. Both officers testified that Defendant head-butted and kicked Officer Ford as he was being placed in the police car. In his case-in-chief, Defendant testified that he did not hit Officer Ford. On cross-examination, Defendant again denied head-butting or kicking Officer Ford. Following Defendant's denials, the State asked to approach the bench. Because the recording of the bench conference is inaudible, the Court of Appeals later remanded the case for the limited purpose of reconstructing the record of the bench conference. *State v. Fernandez*, A-1-CA-38110, mem. op. ¶ 5 (N.M. Ct. App. Nov. 15, 2021) (nonprecedential). The district court's reconstruction of the bench conference, in pertinent part, reads:

> The State requested . . . permission to approach the bench during its cross-examination of Defendant. At the bench the State said[,] "State intends to impeach the witness at this point with prior felony convictions[."] Defense counsel starts to respond[,] saying "at this time" and as defense counsel spoke, the court stated[,] "[H]e can ask, he can ask[."] Defense counsel objected that it would be more prejudicial than probative, and the court informed defense counsel that the defense had opened the door, without expanding on how. The State

4

informed the court that it had disclosed [the] judgement and sentence to the Defense.

Following the bench conference, the State impeached Defendant with his prior felony conviction for battery upon a peace officer:

State: Mr. Fernandez, I'm going to ask you, do you have a felony conviction?

Defendant: I do.

. . . .

Defense Counsel: Objection, once again for the record, he did not open the door to this.

Judge: For the record, I note your objection. I'll overrule it. You may proceed, Mr. Moore.

State: You have a conviction in CR 2016 628?

Defendant: I don't know what that refers to.

State: It was a 2016 case. Do you remember what you were charged with?

Defendant: I have a couple.

State: Alright. Do you remember what your charges were?

Defendant: Criminal damage to property.

State: Do you remember that you were charged with battery on a peace officer in that case?

. . . .

Defendant: Yes.

Defense Counsel: Your honor, I will make . . . an ongoing objection.

Judge: Noted. Overruled.

State: Thank you, nothing further.

5

In its rebuttal to defense counsel's closing argument, the State argued that Defendant's prior conviction for battery upon a peace officer showed absence of mistake and impeached Defendant's credibility. The jury found Defendant guilty of battery upon a peace officer. Defendant appealed.

**2. Proceedings in the Court of Appeals**

{7} The Court of Appeals concluded that notwithstanding the fact that the district court did not explain how it arrived at its decision to admit evidence of Defendant's prior conviction, including whether it balanced the probative value against the prejudicial effect, it must indulge every presumption "in favor of the correctness and regularity of the [district] court's judgment." *Fernandez*, A-1-CA-38110, mem. op. ¶ 13 (internal quotation marks and citation omitted). Then, applying the six factors established in *State v. Lucero*, 1982-NMCA-102, ¶ 12, 98 N.M. 311, 648 P.2d 350, the Court of Appeals held that the district court did not abuse its discretion when it admitted evidence of Defendant's prior conviction for battery upon a peace officer, *Fernandez*, A-1-CA-38110, mem. op. ¶¶ 14-20, and affirmed Defendant's conviction. *Id.* ¶ 43. Defendant filed a petition for writ of certiorari in this Court, which we granted on all questions presented.

## III.  DISCUSSION

## A.  Admission of Defendant's Prior Conviction

## 1.  Standard of Review

{8}  "We review the district court's decision to admit or exclude evidence for an abuse of discretion." *State v. Guerra*, 2012-NMSC-014, ¶ 36, 278 P.3d 1031. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case." *State v. Smith*, 2016-NMSC-007, ¶ 27, 367 P.3d 420 (internal quotation marks and citation omitted). "A court abuses its discretion if it applies an incorrect standard, incorrect substantive law, or its discretionary decision is premised on a misapprehension of the law." *State v. Adams*, 2022-NMSC-008, ¶ 35, 503 P.3d 1130 (brackets, internal quotation marks, and citation omitted). Further, "[a] misapprehension of the law upon which a court bases an otherwise discretionary evidentiary ruling is subject to de novo review." *State v. Lymon*, 2021-NMSC-021, ¶ 36, 488 P.3d 610 (internal quotation marks omitted) (quoting *State v. Martinez*, 2008-NMSC-060, ¶ 10, 145 N.M. 220, 195 P.3d 1232).

{9}  Defendant argues that this Court should apply a de novo standard of review because the district court misapprehended the law when it "stated that it lacked discretion to limit impeachment with prior convictions because [Defendant] opened the door by testifying." The State, on the other hand, contends that this Court should

review the district court's decision for an abuse of discretion because the record does not indicate that the district court stated it lacked discretion to limit impeachment with prior convictions. We agree with the State.

{10} Although the law does not require the district court to explain its exercise of discretion on the record, "the better practice for a judge relying upon discretionary authority is to place on the record the circumstances and factors critical to the decision," *State v. Trejo*, 1991-NMCA-143, ¶ 7, 113 N.M. 342, 825 P.2d 1252, to facilitate appellate review. In this case, not only is it unclear whether the district court believed it lacked discretion to limit impeachment, as Defendant contends, it is also unclear whether the district court judge knew and considered the nature of Defendant's prior conviction before admitting it for purposes of impeachment. The record in this case is silent on the "circumstances and factors critical to the [district court's] decision" to admit Defendant's prior conviction. *See id*. Nonetheless, "[w]here there is a doubtful or deficient record, every presumption must be indulged by the reviewing court in favor of the correctness and regularity of the [district] court's judgment." *State v. Rojo*, 1999-NMSC-001, ¶ 53, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citation omitted). We therefore presume that the district court judge did know the nature of Defendant's prior conviction and considered it in the context of the proper legal standard before making its ruling.

8

Thus, we review the district court's decision to admit Defendant's prior conviction for an abuse of discretion.

**2.     Rule 11-609(A)(1)(b) NMRA**

{11}    Under Rule 11-609(A)(1)(b), proffered evidence of a prior felony conviction that is less than ten years old must be admitted for the purpose of impeaching a defendant's "character for truthfulness . . . if the probative value of the evidence outweighs its prejudicial effect to that defendant." This standard is higher than the Rule 11-403 NMRA standard, which allows the district court to exclude evidence only "if its probative value is *substantially* outweighed by a danger of . . . unfair prejudice." (emphasis added). Rule 11-609(A)(1)(b) protects defendants against any "prejudicial effect" from evidence of prior convictions, while Rule 11-403 protects witnesses other than criminal defendants "only against the danger of 'unfair prejudice' from evidence of their prior convictions." 4 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 609.05[3][a] (Mark S. Brodin, ed., Matthew Bender 2d ed. 2022). "These distinctions acknowledge that a jury is more likely to use a prior conviction against the defendant as propensity evidence than it would when faced with a government witness's prior conviction." *Id*.

### 3. The *Lucero* Factors

{12} To determine whether the probative value of a prior felony conviction not involving dishonesty outweighs its prejudicial effect under Rule 11-609(A)(1)(b), New Mexico courts weigh:

> (1) the nature of the crime in relation to its impeachment value as well as its inflammatory impact; (2) the date of the prior conviction and witness' subsequent history; (3) similarities, and the effect thereof, between the past crime and the crime charged; (4) a correlation of standards expressed in Rule [11-]609(a) with the policies reflected in [Rule 11-404 NMRA]; (5) the importance of the defendant's testimony[;] and (6) the centrality of the credibility issue.

*Lucero*, 1982-NMCA-102, ¶ 12 (citing *United States v. Mahone*, 537 F.2d 922 (7th Cir. 1976); *Luck v. United States*, 348 F.2d 763 (D.C. Cir. 1965)). These factors "are not to be considered mechanically or in isolation." *Trejo,* 1991-NMCA-143, ¶ 9.

### a. Nature of the crime

{13} At common law, any individual who had been convicted of a felony or a crime involving dishonesty "was incompetent as a witness." 4 Weinstein, *supra*, § 609App.100. Rather than brand a witness as incompetent, we now allow the jury to learn of the witness's felony convictions and convictions for crimes involving dishonesty, with a view toward evaluating the witness's character for truthfulness. *See* Rule 11-609 ("Impeachment by evidence of criminal conviction."). However, we recognize that the value of such an assessment is questionable because "[m]any

crimes . . . do not . . . support the inference that the person who committed them has a specific proclivity for lying on the witness stand." 4 Weinstein, *supra*, § 609App.100. This is particularly true for impeachment with a conviction for a violent crime. "The relationship between crimes of violence and truth-telling is particularly tenuous, resting not only on the assumption that persons convicted of violent crimes are bad, but also that bad (i.e., violent) persons are liars." *Id*. This dubious relationship causes us to look with suspicion on the impeachment of a witness with a conviction for a violent crime.

{14}     Nevertheless, while a conviction for a violent crime "has less bearing on an individual's honesty than a conviction for a crime involving dishonesty or deceit, [we have] determined that such convictions are probative of credibility," as demonstrated by our adoption of Rule 11-609(A)(1). *State v. Conn*, 1992-NMCA-052, ¶ 16, 115 N.M. 101, 847 P.2d 746 (citation omitted). So, while Rule 11-609(A)(1) allows for the admission of prior felony convictions for purposes of impeachment (including those for crimes of violence), our rules also require that the district court judge weigh the probative value of the conviction against its prejudicial effect. Rule 11-609(A)(1)(b); *see also Lucero*, 1982-NMCA-102, ¶ 12.

{15}     Defendant was convicted of battery upon a peace officer after pleading guilty to the charge in August 2017. Judgment and Sentence, *Fernandez*, D-506-CR-2016-

00628 (5th Jud. Dist. Ct. Aug. 24, 2017). The Court of Appeals concluded that "the prior conviction was probative of Defendant's credibility." *Fernandez*, A-1-CA-38110, mem. op. ¶ 15. Though Defendant's conviction is probative of credibility, *see Conn*, 1992-NMCA-052, ¶ 16, we conclude that the impeachment value of his conviction for battery upon a peace officer—a violent crime shedding little light on Defendant's character for truthfulness—is minimal compared to its inflammatory impact. *But cf. State v. Hall*, 1987-NMCA-145, ¶¶ 31-32, 107 N.M. 17, 751 P.2d 701 (holding that the district court did not abuse its discretion in admitting the defendant's prior conviction for assault with a deadly weapon upon a peace officer for impeachment purposes in the defendant's trial for second degree murder, despite the similarity of the crimes). In this instance, the admission of the prior conviction likely had a highly inflammatory impact because it is identical to the charged offense in this case. Further, although "there is proven dishonesty when the defendant goes to trial, denies the offense, and then is convicted," *Trejo*, 1991-NMCA-143, ¶ 10, that is not the case here because Defendant plead guilty in his prior conviction. Thus, this factor weighs in favor of excluding Defendant's prior conviction.

b.    **Date of prior conviction**

{16}    "The remoteness or nearness of the acts giving rise to the prior conviction is an important factor to be considered by the court. An act occurring several years

12

before the trial and followed by years of lawful conduct is less probative because of its remoteness." *Id.* ¶ 11. Defendant's prior conviction was about a year before the trial in this case. *See* Judgment and Sentence, *Fernandez,* D-506-CR-2016-00628. The Court of Appeals concluded that it fell within the district court's discretion to afford this factor some probative value. *Fernandez*, A-1-CA-38110, mem. op. ¶ 16. We also conclude that the district court could have properly weighed this factor in favor of admission because Defendant's prior conviction was very near in time to his trial in this case.

**c.     Similarity of the crimes**

{17}     Defendant's prior conviction and the charge at issue in this case are identical: battery upon a peace officer. *See* Judgment and Sentence, *Fernandez,* D-506-CR-2016-00628. "[C]onvictions for the same crime should be admitted sparingly. Nevertheless, we have held that evidence of a prior offense is not prohibited for impeachment purposes solely on the basis of its similarity with the presently charged crime." *Trejo*, 1991-NMCA-143, ¶ 12 (citation omitted). Given that Defendant's prior conviction and the charge at issue in this case are identical, the prejudicial effect of the prior conviction "may well outweigh its probative value" because it suggests "a propensity to commit the crime." 4 Weinstein, *supra*, § 609.05[3][d]. The Court of Appeals concluded that even though "Defendant's prior conviction is

13

identical to the charges for which he was on trial and therefore had some prejudicial impact against Defendant, the prejudice arising from this similarity is not alone dispositive of the question of admissibility." *Fernandez*, A-1-CA-38110, mem. op. ¶ 17. The Court of Appeals understates the prejudicial effect that the admission of a prior conviction for an *identical* crime—not merely a similar one—may have against Defendant. Admitting a prior conviction for an identical crime is particularly prejudicial because it could lead jurors to believe that "if [a defendant] did it before [the defendant] probably did so this time." *Gordon v. United States*, 383 F.2d 936, 940 (D.C. Cir. 1967), cert denied, 390 U.S. 1029 (1968). This factor strongly weighs in favor of excluding Defendant's prior conviction.

**d.     Correlation with Rule 11-404 policies**

{18}     Rule 11-404(A)(1) prohibits the use of character evidence "to prove that on a particular occasion the person acted in accordance with the character or trait." This factor looks to the correlation of the standards in Rule 11-609(a) with the *policies* underlying Rule 11-404; we do not evaluate whether the evidence would be admissible under Rule 11-404. *See Lucero*, 1982-NMCA-102, ¶ 12. Rule 11-404 excludes propensity evidence because "it injects a prejudicial effect into the proceeding that substantially outweighs the benefits of whatever slight, probative value it may have" and "creates the unnecessary risk that a jury will convict a

defendant on the basis of former behavior and not the conduct charged." *State v. Phillips*, 2000-NMCA-028, ¶ 21, 128 N.M. 777, 999 P.2d 421. The Court of Appeals concluded that "the stated purpose for which the State sought admission of Defendant's prior conviction under Rule 11-609 appears to correlate with the policies reflected in Rule 11-404" because the State argued "that Defendant testified that if he struck anyone it was inadvertent and therefore his prior conviction for battery upon a peace officer was relevant to show an 'absence of mistake or lack of accident.'" *Fernandez*, A-1-CA-38110, mem. op. ¶ 18.

{19} But, here, the chain of inferences that flows from the prior conviction is one of propensity, not absence of mistake. When evidence is tendered to show absence of mistake, the reasoning is that "(1) looking at each event in isolation, it would be difficult to say whether the defendant was responsible; but (2) looking at the events as a whole, either the defendant is remarkably unlucky or he is the cause of both events." 1 Robert P. Mosteller et al., *McCormick on Evidence* § 190.4 (8th ed. 2020). Looking at the two instances of alleged battery upon a peace officer together, there is nothing that would allow the fact-finder to reasonably conclude that Defendant was responsible for both instances of alleged battery. That is, nothing about Defendant's prior offense could help the fact-finder conclude that Defendant did indeed have the requisite intent to batter a peace officer in *this instance*. Conversely,

15

when evidence is presented for the impermissible purpose of showing that a defendant has a propensity to commit certain crimes, "the reasoning is that (1) a defendant who committed a similar offense is predisposed to commit the offense charged, and therefore (2) it is more probable that [the defendant] did so." *Id*. Here, Defendant's prior conviction would more likely lead the fact-finder to conclude that Defendant is predisposed to commit the offense charged and, therefore, it is more probable that he did so in this instance. This is an impermissible use of a prior conviction under the policies of Rule 11-404, injecting prejudice while adding little probative value.

{20} In *Trejo*, 1991-NMCA-143, ¶ 13, the Court of Appeals concluded that "we give this factor little weight" because "[t]his factor does not appear in the authorities relied on in *Lucero*[, 1982-NMCA-102]." We do not find this approach persuasive. The policies underlying Rule 11-404 are useful because they allow the district court to consider whether the state is introducing impermissible character evidence under the guise of impeaching a defendant's character for truthfulness. *See* 4 Weinstein, *supra*, § 609App.100 ("A defendant who takes the stand faces impeachment by proof of prior convictions and the consequent danger that the jurors instead of considering the convictions as relevant to credibility, will regard them as evidence of guilt, despite instructions to the contrary."). Thus, we give this factor equal weight as the

16

others and conclude that it also weighs in favor of excluding Defendant's prior conviction.

### e.     Importance of Defendant's testimony

{21}    Defendant's testimony was important to the defense's theory because the lapel camera footage of the arrest did not conclusively show whether Defendant kicked, head-butted, or otherwise battered the arresting officer in this case. The prosecution of battery upon a peace officer turned on the testimony of Defendant and the arresting officers. The Court of Appeals erroneously stated that "Defendant failed to specifically object or request that the district court preclude the State from revealing the identity of his prior convictions." *Fernandez*, A-1-CA-38110, mem. op. ¶ 19. In fact, Defendant chose to testify knowing that the district court judge had made an oral ruling prior to trial excluding any evidence about Defendant's prior convictions for which he was on probation at the time of the arrest. Even though it is within the district court judge's discretion to revisit a ruling during the trial, *State v. Morris*, 1961-NMSC-120, ¶ 5, 69 N.M. 89, 364 P.2d 348, "[a] defendant's decision about whether to testify may be based in part on whether prior convictions will be admitted for impeachment. Thus, the fact that a defendant's testimony is important to demonstrate the validity of his or her defense constitutes a factor weighing against the admission of a prior conviction." 4 Weinstein, *supra*, § 609.05[3][e] (footnote

omitted). Here, Defendant made the strategic decision to testify knowing that the judge had excluded his prior conviction. Thus, viewed in the context of the factors discussed above, this factor also weighs in favor of excluding Defendant's prior conviction.

**f.      Centrality of the credibility issue**

{22}    In this instance, the centrality of the credibility issue is directly tied to the importance of Defendant's testimony. Specifically, the issue of Defendant's credibility was a central issue because the jury's decision about whether Defendant battered a peace officer hinged on whether it found Defendant or the State's witnesses (the arresting officers) more credible. The Court of Appeals weighed this factor in favor of admission, reasoning that when "the trial 'boil[s] down to a swearing match . . . it bec[omes] more, not less, compelling to explore all avenues which would shed light on which of the two witnesses was to be believed.'" *Fernandez*, A-1-CA-38110, mem. op. ¶ 19 (alterations in original) (quoting *Trejo*, 1991-NMCA-143, ¶ 15). But, the Court of Appeals took this proposition too far when it considered this factor in isolation of the remaining factors that overwhelmingly favor exclusion of the evidence. *See Trejo*, 1991-NMCA-143, ¶ 9 ("[The *Lucero* factors] are not to be considered mechanically or in isolation."). In a situation like this one, where the jury's decision comes down to a credibility

18

determination, this highly prejudicial piece of evidence that has little bearing on Defendant's character for truthfulness could improperly tip the scale in favor of the State. *See, e.g.*, *United States v. Sanders*, 964 F.2d 295, 299 (4th Cir. 1992) ("In such a situation, evidence having no possible basis except to show a propensity for violence on the part of the defendant obviously has the capacity to tip the balance in such a swearing contest."). This factor also weighs in favor of excluding Defendant's prior conviction.

**g.     Balancing the *Lucero* factors and harmless error**

{23}     Considering the *Lucero* factors together, we conclude that the probative value of Defendant's prior conviction for battery upon a peace officer did not outweigh its prejudicial effect to Defendant and the district court abused its discretion by admitting the prior conviction as impeachment evidence.

{24}     Next, we consider whether the admission of the evidence is harmless error. "A non-constitutional error is harmless when there is no reasonable probability the error affected the verdict." *State v. Tollardo*, 2012-NMSC-008, ¶ 36, 275 P.3d 110 (internal quotation marks and citation omitted). This Court has said:

> When assessing the probable effect of evidentiary error, courts should evaluate all of the circumstances surrounding the error. This includes the source of the error, the emphasis placed on the error, evidence of the defendant's guilt apart from the error, the importance of the erroneously admitted evidence to the prosecution's case, and whether the erroneously admitted evidence was merely cumulative. These

19

considerations, however, are not exclusive, and they are merely a guide to facilitate the ultimate determination—whether there is a reasonable probability that the error contributed to the verdict.

*State v. Serna*, 2013-NMSC-033, ¶ 23, 305 P.3d 936 (internal quotation marks and citations omitted). In this instance, evidence of Defendant's guilt turned on the jury's evaluation of the credibility of Defendant and the officers since the lapel camera footage did not conclusively show whether Defendant battered Officer Ford. The improper impeachment of Defendant with his prior felony conviction discredited his testimony and there is a reasonable probability that it contributed to his conviction. *See Clark v. State*, 1991-NMSC-079, ¶ 10, 112 N.M. 485, 816 P.2d 1107. ("We note that where the improper evidence has been used for impeachment purposes, not only does the error permit the jury to consider the substantive effect of the evidence itself; it also discredits the testimony of the witness, including, of course, the defendant if he or she has testified. Both effects must be considered in determining whether the error was harmless.").

{25} Further, the erroneously admitted evidence was not merely cumulative because it was not admitted prior to the State's cross-examination of Defendant. The evidence likely had a significant impact on the jury because Defendant's prior conviction was the last piece of evidence admitted at trial and the State highlighted it in its rebuttal, moments before the jury retired to deliberate. *See Conn*, 1992-

NMCA-052, ¶ 19 (concluding that evidence of the defendant's prior conviction may have had a significant impact on the jury when it was "literally the final piece of evidence admitted in the case"). Thus, the admission of the evidence is not harmless error because there is a reasonable probability that the district court's failure to exclude the evidence contributed to Defendant's conviction. Because the error is not harmless, it requires reversal. *See Tollardo*, 2012-NMSC-008, ¶ 25.

**4.    Rule 11-404 NMRA**

{26}    The State argues in the alternative that Defendant's prior conviction was admissible under Rule 11-404. We are not persuaded by this argument because Defendant's prior conviction for battery upon a peace officer more likely lead the jury to conclude that Defendant had a propensity to commit the crime rather than helping the jury conclude whether Defendant had the requisite intent in this case. Further, before admitting evidence of other crimes under Rule 11-404, "the [district] court must find that the evidence is relevant to a material issue other than the defendant's character or propensity to commit a crime, and must determine that the probative value of the evidence outweighs the risk of unfair prejudice, pursuant to Rule 11-403." *State v. Otto*, 2007-NMSC-012, ¶ 10, 141 N.M. 443, 157 P.3d 8. We conclude that, even if the district court did in fact admit the prior conviction under Rule 11-404, such an admission would constitute an abuse of discretion because the

21

probative value of the prior conviction did not outweigh the risk of unfair prejudice, for the reasons described above under our analysis of the *Lucero* factors.

**IV.  CONCLUSION**

{27}  We reverse the Court of Appeals and remand for a new trial consistent with this opinion. Because we reverse and remand for a new trial, it is unnecessary for us to address Defendant's remaining claims of error.

{28}  **IT IS SO ORDERED.**


_____
**JULIE J. VARGAS, Justice**

**WE CONCUR:**


_____
**C. SHANNON BACON, Chief Justice**


_____
**MICHAEL E. VIGIL, Justice**


_____
**DAVID K. THOMSON, Justice**


_____
**BRIANA H. ZAMORA, Justice**