This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39505

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JOEY PATRICK CONNELL,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Christina P. Argyres, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Erica Schiff, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Mark A. Peralta-Silva, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Defendant Joey Connell appeals his convictions for second degree murder, contrary to NMSA 1978, Section 30-2-1(B) (1994) and tampering with evidence, contrary to NMSA 1978, Section 30-22-5 (2003). Defendant argues that (1) the district court erred in denying his motion for mistrial, and (2) his trial counsel provided ineffective assistance. For the following reasons, we affirm. Because this is an

unpublished memorandum opinion written solely for the benefit of the parties, *see State v. Gonzales*, 1990-NMCA-040, ¶ 48, 110 N.M. 218, 794 P.2d 361, and the parties are familiar with the factual and procedural background of this case, we omit a background section and leave the discussion of the facts for our analysis of the issues.

## DISCUSSION

### I.   The District Court Did Not Abuse its Discretion in Denying Defendant's Motion for Mistrial

**{2}**   The district court is in the best position to know whether a miscarriage of justice warranting a mistrial has taken place and its opinion is entitled to great deference. *See State v. Smith*, 2001-NMSC-004, ¶ 32, 130 N.M. 117, 19 P.3d 254. Accordingly, we review the district court's denial of a motion for mistrial for an abuse of discretion. *Id.* "The district court abuses its discretion in ruling on a motion for mistrial if it acts in an obviously erroneous, arbitrary, or unwarranted manner, or when the decision is clearly against the logic and effect of the facts and circumstances before the court." *State v. Hernandez*, 2017-NMCA-020, ¶ 14, 388 P.3d 1016 (internal quotation marks and citations omitted). Moreover, we acknowledge that "[t]he power to declare a mistrial should be exercised with the greatest caution." *State v. Smith*, 2016-NMSC-007, ¶ 69, 367 P.3d 420 (alteration, internal quotation marks, and citation omitted). Thus, in entertaining a defendant's mistrial motion, a district court should consider whether steps short of this extreme measure will suffice to "mitigate any possible prejudice" resulting from error in the proceedings. *State v. Gonzales*, 2000-NMSC-028, ¶ 40, 129 N.M. 556, 11 P.3d 131, *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37 n.6, 275 P.3d 110.

**{3}**   Defendant argues that the district court abused its discretion by denying his motion for mistrial because the anonymous statement "went to the heart of the State's case," because it corroborated Defendant's statement that he did not shoot the victim. Specifically, Defendant contends that district court needed to identify the anonymous witness and allow both parties to examine the witness in front of the jury or, "[a]t a minimum, the [district] court should have permitted the parties to interview the anonymous witness to determine *whether* their testimony was sufficiently reliable to impeach [the witness]." According to Defendant, "the district court precluded even just a modest exploration of potentially explosive evidence." Defendant has not persuaded us of error, however, because he fails to provide any citation to the record where he sought a remedy short of mistrial to investigate the anonymous statement. *See State v. Doyal*, 2023-NMCA-015, ¶ 6, 525 P.3d 412 ("There is a presumption of correctness in the district court's rulings. Accordingly, it is the defendant's burden on appeal to demonstrate any claimed error below." (alteration, internal quotation marks, and citation omitted)); *see also* Rule 12-318(A)(4) NMRA (requiring that briefs to this Court include "with respect to each issue presented, shall contain . . . a statement explaining how the issue was preserved in the court below, with citations to authorities, record proper, transcript of proceedings, or exhibits relied on").

**{4}** Defendant did not petition the district court to reveal the identity of the anonymous witness, let alone request an interview with the anonymous witness. Nor did Defendant ask to be able to examine the anonymous witness in front of the jury as he now argues was necessary. *See State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 (explaining that to preserve an issue for appeal, a timely objection must be made that specifically apprizes the district court of the nature of the claimed error and invokes an intelligent ruling); *see also State v. Rojo*, 1999-NMSC-001, ¶ 44, 126 N.M. 438, 971 P.2d 829 (holding that the appellate court will not search the record for evidence of preservation when the defendant did not provide adequate transcript references). Defendant's sole reference to additional exploration of the issue consisted of Defendant arguing to the district court that the anonymous statement called for additional investigation of the case by the State. The State opposed Defendant's request, however, because the State prosecutors and the witness's attorney were with the witness at the time he allegedly admitted to the crime and they denied hearing such admission. A request for the State to investigate does not amount to a request to permit the parties to interview the witness. Because Defendant did not make such a request, we will not consider Defendant's argument that the district court's failure to sua sponte make inquiries into the anonymous statement demonstrates it was an abuse of discretion to deny Defendant's motion for a mistrial. *See* Rule 12-321 NMRA; *see also State v. Salazar*, 2006-NMCA-066, ¶ 9, 139 N.M. 603, 136 P.3d 1013 ("We do not address issues that were not raised below. The [district] court must be alerted to the problem and given an opportunity to resolve it.").

**{5}** Contrary to Defendant's claim that the district court did not allow inquiry into the statement, the district court offered Defendant the option to call the State's witness who was accused of admitting to the crime back to the stand. Defendant declined this option, and instead moved for a mistrial. In considering a motion for mistrial, the district court is in the best position to determine the adequacy of available remedies to mitigate any possible prejudice. *See State v. Sutphin*, 1988-NMSC-031, ¶ 18, 107 N.M. 126, 753 P.2d 1314. The district court concluded that the issue did not merit a mistrial; instead it decided to "see how the case proceeds" and reconvene with the parties if any other similar issue arose. The district court's decision is not clearly against the logic and effect of the facts and circumstances before the court—particularly because Defendant did not ask for a less extreme remedy. *See Hernandez*, 2017-NMCA-020, ¶ 14.

**{6}** "[W]here there is a doubtful or deficient record, every presumption must be indulged by the reviewing court in favor of the correctness and regularity of the district court's judgment." *State v. Fernandez*, 2023-NMSC-005, ¶ 10, 528 P.3d 621. (alteration, internal quotation marks, and citation omitted). In this particular case, the level of prejudice depends on the credibility of the anonymous individual. However, because the identity of the individual is not on the record, we must presume that the district court's decision that such information did not merit mistrial is proper. *See id.* We note that Defendant did not request the identity of the individual. Furthermore, the court provided Defendant the opportunity to recall the State's witness to the stand for questioning on the alleged admission. Although the district court admitted that such

action might be unnecessary, it demonstrates that the court considered steps short of mistrial. *See Gonzales*, 2000-NMSC-028, ¶ 40.

**{7}** Ultimately, we defer to the district court which "is in a much better position to know whether a miscarriage of justice has taken place and [its] opinion is entitled to great weight in the absence of a clearly erroneous decision." *See Smith*, 2001-NMSC-004, ¶ 32 (internal quotation marks and citation omitted).

## II. Defendant's Ineffective Assistance of Counsel Claim is More Properly Brought in a Habeas Corpus Petition

**{8}** Defendant's ineffective assistance of counsel claim is premised on two things: his trial counsel was ineffective in not calling the State's witness back to the stand after the district court proffered this option and in failing to query the identity of the anonymous individual.

**{9}** "To establish ineffective assistance of counsel, a defendant must show that: (1) counsel's performance fell below that of a reasonably competent attorney; (2) no plausible, rational strategy or tactic explains counsel's conduct; and (3) counsel's apparent failings were prejudicial to the defense." *State v. Miera*, 2018-NMCA-020, ¶ 30, 413 P.3d 491 (internal quotation marks and citation omitted) "The completeness of the record determines whether we address a claim of ineffective assistance of counsel through direct appeal." *State v. Pate*, 2023-NMCA-088, ¶ 26, 538 P.3d 450, *cert. denied* (S-1-SC-39924, Aug. 31, 2023) (alteration, internal quotation marks, and citation omitted).

**{10}** In this case, the record is deficient of facts demonstrating sufficient prejudice due to defense counsel's performance. *See id.* ¶ 29 (holding that the record did not establish a prima facie case of ineffective assistance of counsel "on the ground of lack of sufficient prejudice" (internal quotation marks and citation omitted)). The record does not include any indication that calling the State's witness back to the stand would have changed the outcome of the proceeding. *See State v. Morgan*, 2016-NMCA-089, ¶ 15, 382 P.3d 981 ("The 'prejudice' element of an ineffective assistance of counsel claim is not satisfied when the defendant proves that a particular act or omission by [their] counsel was prejudicial to [their] defense; instead, the defendant must show a 'reasonable probability' that but for the attorney's objectively unreasonable conduct, the result of the proceedings would have been different."). Even Defendant's trial counsel conceded that calling the State's witness back to the stand would not cure the issue. Similarly, there is no indication that inquiring into the identity of the anonymous individual would lead to "reasonable probability" that the result would be different. *See id.* (internal quotation marks and citation omitted).

**{11}** Accordingly, we conclude that Defendant's claim for ineffective assistance of counsel claim is more properly brought through a habeas corpus petition. *See Pate*, 2023-NMCA-088, ¶ 27 ("In New Mexico, it is often repeated that habeas corpus

proceedings are preferable to direct appeal for ineffective assistance of counsel claims.").

**CONCLUSION**

**{12}** For the foregoing reasons, we affirm.

**{13} IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**SHAMMARA H. HENDERSON, Judge**