This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40410

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**ANTONIO VOZZA,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Britt Baca-Miller, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Peter J. Valencia, Assistant Attorney General
Albuquerque, NM

for Appellee

Harrison & Hart, LLC
Nicholas T. Hart
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Defendant Antonio Vozza appeals his convictions of unlawful taking of a motor vehicle, in violation of NMSA 1978, Section 30-16D-1 (2009) and battery against a household member, in violation of NMSA 1978, Section 30-3-15 (2008). He further appeals the district court's decision to prohibit him from bartending as a term of his probation. For the following reasons, we affirm Defendant's convictions and the condition of probation imposed.

**{2}** Because this is an unpublished memorandum opinion written solely for the benefit of the parties, *see State v. Gonzales*, 1990-NMCA-040, ¶ 48, 110 N.M. 218, 794 P.2d 361, and the parties are familiar with the factual and procedural background of this case, we omit a background section and leave the discussion of the facts for our analysis of the issues.

## DISCUSSION

**{3}** On appeal, Defendant contends that the district court erred by (1) allowing the State to impeach him with an allegation of a previous incident of domestic violence, (2) prohibiting him from calling the victim of the alleged incident to rebut the impeachment, and (3) imposing a probation condition which prevented him from continuing to work as a bartender. We disagree with each of Defendant's contentions.

## I. Evidentiary Errors

**{4}** We review the district court's admission or exclusion of evidence for abuse of discretion. *State v. Guerra*, 2012-NMSC-014, ¶ 36, 278 P.3d 1031. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citation omitted). We cannot conclude that "the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *Id.* (internal quotation marks and citation omitted). Absent a clear abuse of discretion, we will not reverse the ruling below. *See State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72.

## A. Admission of Past Domestic Violence Allegation

**{5}** Defendant first asserts that the district court erred in allowing the State to impeach him with a past allegation of domestic violence because the allegation was impermissible propensity evidence under Rule 11-404(B)(1) NMRA. Even if it was admissible, Defendant argues, to attack his credibility under Rule 11-608(B)(1) NMRA, the allegation should have been excluded because its probative value was substantially outweighed by unfair prejudice. *See* Rule 11- 403 NMRA.

**{6}** Evidence of a defendant's prior crimes, wrongs, or other bad acts are inadmissible if used to prove only propensity. *See* Rule 11-404(B)(1) ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."). Such evidence is admissible for other purposes including impeachment of a testifying defendant by means of specific contradiction, if they testify falsely. *See* Rule 11-608(B); *State v. Hernandez*, 1999-NMCA-105, ¶ 16, 127 N.M. 769, 987 P.2d 1156 (stating that "a witness may not make false claims, leaving a misimpression with the fact-finder, and expect to be insulated from proof to the contrary, even if that proof encompasses evidence of misconduct"); *State v. Ferguson*, 2023-NMCA-029, ¶ 18, 528 P.3d 707 (stating that "parties may generally impeach misleading evidence introduced by their

opponents through specific contradiction" (internal quotation marks and citation omitted)). Under Rule 11-608(B), we consider multiple factors that relate to the probative value of the evidence and its prejudicial effect. *State v. Lymon*, 2021-NMSC-021, ¶ 47, 488 P.3d 610.

**{7}**     On direct examination, the following exchange occurred between defense counsel and Defendant:

> Defense Counsel:    "What did you do then, when you realized the police had been called?"

> Defendant:    "I didn't know what to do. I've never–I . . . haven't been in situations like this, so I didn't know how to handle what was, what was going to happen."

Defendant had also testified that he and the victim had engaged in consensual sexual activities that "seemed like a little aggressive" to Defendant but he stated, "She asked me to do it." To rebut this testimony, the State sought to examine Defendant with evidence that he knew of previous but very recent allegations of domestic violence against him, which involved strangulation. The district court limited the State's impeachment to a single allegation of domestic violence that resulted in a bench warrant being issued for Defendant's arrest because his testimony on direct examination implied that he had never been in a similar situation before. The underlying facts of the allegation, other than the fact that Defendant had been accused of strangling the prior victim, were not allowed. The allegation was relevant to contradict Defendant's statement that he had not been in a situation like this previously and that the victim's injuries resulted in part from consensual activities in which Defendant was a somewhat uncertain or unenthusiastic participant. Although Defendant's statement was vague, it was reasonable for the district court to determine that Defendant's statement implied that he had not been involved in a domestic violence situation before and that the victim's injuries were in part the result of her own proclivities, had never had a bench warrant before, and to allow the State to counter Defendant's misleading testimony with contrary evidence. *See Hernandez*, 1999-NMCA-105, ¶¶ 19-20 (permitting the state to cross-examine the defendant about a prior domestic violence conviction in order to correct the defendant's misrepresentation that victim's injuries were caused by self-harm).

**{8}**     Moreover, the district court did not abuse its discretion by finding that the probative value of this evidence was not unfairly prejudicial. *See* Rule 11-403 (stating that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice"). Here, the allegation was probative because the jury's determination of Defendant's guilt required the jury to weigh the credibility of both Defendant and the victim. *See State v. Conn*, 1992-NMCA-052, ¶ 19, 115 N.M. 101, 847 P.2d 746 (stating that when "a defendant's testimony conflicts with that of the state's witnesses, the issue of credibility becomes crucial and the defendant's credibility is subject to impeachment"); *see also State v. Fernandez*, 2023-NMSC-005, ¶

22, 528 P.3d 621 (stating that the defendant's credibility was a central issue because the jury's determination of guilt was dependent on whether it believed the defendant).

**{9}** Nor has Defendant convinced us that the admission of the allegation was unfairly prejudicial. *See State v. Johnson*, 2024-NMCA-015, ¶ 20, 541 P.3d 141 (stating "[t]he purpose of [the rule] is not to guard against any prejudice whatsoever, but only against the danger of unfair prejudice." (internal quotation marks and citation omitted)), *cert. denied* (S-1-SC-40040, Dec. 27, 2023). "Unfair prejudice . . . means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *State v. Bailey*, 2017-NMSC-001, ¶ 16, 386 P.3d 1007 (internal quotation marks and citation omitted). Even if the single allegation of domestic violence used was prejudicial, Defendant has failed to show how the prejudicial effect outweighed its probative value, especially given that the district court did not allow the State to question Defendant about the underlying facts of the allegation or reference in closing argument that the other allegation involved strangulation. *See id.* ¶ 26 (concluding that despite the uniquely prejudicial nature of the evidence of sexual contact with a minor, the defendant failed to show its prejudicial effect outweighed its probative value). Given the foregoing, we perceive no abuse of discretion in the district court's decision to allow the state to question Defendant about this incident.

## B.    Exclusion of Rebuttal Testimony

**{10}** Defendant further contends that the district court abused its discretion when it prevented him from rebutting the past allegation of domestic violence by calling the alleged victim to testify that she did not remember the circumstances of the incident. The district court excluded her testimony because it found that the testimony would likely confuse the jury and risk merging a second trial into the case at bar. We discern no error in the district court's ruling.

**{11}** The proffered testimony pertained to an independent allegation of domestic violence not at issue in this case. Allowing the alleged victim of a separate allegation of domestic violence to testify had little relevance to the case and likely would have served only to confuse the issues and consequently, the jury. *See State v. Guerra*, 2012-NMSC-014, ¶ 38, 278 P.3d 1031, 1041 (stating that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of . . . confusion of the issues or misleading the jury"); *see also* Rule 11-403. The testimony would have also highlighted the other allegation of domestic violence involving strangulation, possibly further prejudicing Defendant. Because we conclude that the district court's ruling was not an abuse of discretion, we find no error in the exclusion of the rebuttal testimony.

## II.    Condition of Probation

**{12}** We next turn to Defendant's contention that the district court erred in imposing a condition of probation which prevents him from working as a bartender.1 Defendant failed to object to the probation condition or argue that it was improper—nevertheless he still asserts that he preserved the issue for review when he asked the district court to clarify the extent of the condition. Defendant's question failed to apprise the State or district court of the specific nature of the alleged error such that the State did not have an opportunity to respond to the error and the district court had no opportunity to make an intelligent ruling on it. *See State v. Bell*, 2015-NMCA-028, ¶ 2, 345 P.3d 342 (listing the purposes of preservation). As such, we conclude that Defendant failed to preserve this issue for appeal. *See* Rule 12-321(A) NMRA (stating to preserve an issue for appeal an appellant must fairly invoke a ruling by the district court on that issue); *see also State v. Leon*, 2013-NMCA-011, ¶ 33, 292 P.3d 493 (stating "[w]e generally do not consider issues on appeal that are not preserved below." (internal quotation marks and citation omitted)).

**{13}** Even if Defendant had preserved this issue, based on our review of the record, the district court did not err in imposing the probation condition. The district court determined that Defendant's conviction for battery of a household member was linked to his alcohol use. Additionally, the court reasoned that Defendant's history suggested that any new charges would likely be related to either domestic violence or alcohol use. In fact, at sentencing, Defendant stated that his actions were, in part, due to his use of drugs and alcohol and defense counsel requested that the district court impose more lenient conditions because Defendant's actions and relationships became abusive in response to his substance use issues. For these reasons, we cannot say the district court abused its discretion. *See Leon*, 2013-NMCA-011, ¶ 27 (stating "[w]e review probation terms and conditions for an abuse of discretion"); *id.* ¶ 28 (stating that the defendant bears the burden on appeal to establish that the condition imposed was not reasonably related to the offense for which he was convicted).

## CONCLUSION

**{14}** For the reasons stated above, we affirm Defendant's conviction and the probation conditions imposed by the district court.

**{15}   IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

---

1The condition imposed by the district court was that Defendant "not enter or remain in any tavern, bar, or lounge." The district court clarified that this meant Defendant could not work as a bartender or continue to work at a place once it began to serve alcohol.

**KATHERINE A. WRAY, Judge**